**In re Alan B. LUMSDEN, M.D., Relator.**

**No. 14–09–00271–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 2009.

Rehearing Overruled Sept. 3, 2009.

---

Thomas P. Sartwelle, N. Terry Adams, Jr., Houston, for relator.

Jimmy Williamson and Cindy M. Rusnak, for Beverly Shepherd–Sherman.

Jimmy Williamson, Cindy M. Rusnak, Dwight Willis Scott, Lisa Lynne Turboff, James R. Boston, Oscar Luis Delarosa, Kenneth E. Broughton, Carolyn C. Smith, Christopher Dean Demeo, Stephanie Laird Tolson, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

ADELE HEDGES, Justice.

On March 26, 2009, relator, Alan B. Lumsden, M.D., filed a petition for writ of mandamus. In his petition, relator requests that we compel the respondent, the Honorable Patricia Hancock, presiding

judge of the 113th District Court of Harris County, to set aside her March 3, 2009 order denying his request to stay discovery pending resolution of a related interlocutory appeal in this court, and enter an order staying discovery. We conditionally grant the writ.

## BACKGROUND

On January 31, 2008, real party in interest, Beverly Shepherd–Sherman, filed a medical malpractice lawsuit under the Texas Medical Liability Act against relator, The Methodist Hospital, Michael Joseph Reardon, M.D., and Neal Stephen Kleiman, M.D. (the "health care defendants").[1] *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.001 *et seq.* (Vernon 2005 & Supp. 2008). In May 2008, Sherman filed her medical expert report. After the health care defendants objected to her expert report, Sherman sought a thirty-day extension to file a supplemental expert report, which the trial court granted. When Sherman filed her supplemental expert report, the health care defendants again objected and sought dismissal of her claims. On November 17, 2008, finding Sherman had provided "an appropriate and statutorily appropriate" medical expert report, the trial court overruled those objections and denied the motions to dismiss her claims. On November 26, 2008, Methodist Hospital filed an interlocutory appeal in this court, challenging the adequacy of Sherman's expert report pursuant to Section 51.014(a)(9) of the Texas Civil Practice and Remedies Code.[2] Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9) (Vernon 2008). The other health care defendants have not appealed from the trial court's November 17, 2008 order.

On January 22, 2009, Sherman served deposition notices for relator, the other defendant physicians, and five individuals from Methodist Hospital to commence on February 18, 2009. On January 23, 2009, Methodist Hospital moved the trial court to stay the entire case, including discovery, pending the interlocutory appeal. On January 26, 2009, relator filed a motion to quash his deposition and stay and abate all discovery pending the interlocutory appeal.

On February 6, 2009, the trial court stayed commencement of the trial in accordance with Section 51.014(b) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. 51.014(b). After a hearing on February 9, 2009, the trial court denied relator's and Methodist Hospital's motions to stay and, on March 3, 2009, signed that order.[3]

## STANDARD OF REVIEW

■ To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court clearly abused its discretion and that he has no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex.2008) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

1. Sherman also sued W.L. Gore & Associates, Inc. for product liability.

2. Methodist Hospital's interlocutory appeal is pending in this court in cause number 14–08–01090–CV.

3. The trial court initially signed an order on February 18, 2009, that denied relator's motion to stay, but did not address Methodist Hospital's motion to stay.

■ To determine if a party has an adequate remedy by appeal, we ask whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig. proceeding). An appeal from a trial court's discovery order is not adequate if the appellate court would not be able to cure the trial court's error on appeal. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex.1998) (orig. proceeding); *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding) (per curiam). An appeal also is not an adequate remedy when a party stands to lose a substantial right. *Walker*, 827 S.W.2d at 842.

### ABUSE OF DISCRETION

Relator contends Section 74.351(s) of the Texas Civil Practice and Remedies Code requires the oral depositions of the health care defendants to be stayed. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(s) (Vernon Supp. 2008). Sherman responds that section 74.351(s) does not apply to this case because she has timely filed and served her expert report. Section 74.351(s) provides for a stay of discovery:

*Until a claimant has served the expert report and curriculum vitae as required by Subsection (a),* all discovery in a health care liability claim is stayed except for acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;[4]

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure;[5] and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.[6]

*Id.* § (emphasis added).

Section 74.351(a) requires a health care liability claimant to, not later than the 120th day after the filing of the original petition, "serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." *Id.* § 74.351(a). If an expert report "has not been served" by the deadline set forth in subsection (a), the court, on the motion of the affected physician or health care provider shall, subject to subsection (c), enter an order awarding the physician or health care provider attorney's fees and dismissing the claim with respect to that physician or health care provider, with prejudice to refiling the claim. *Id.* § 74.351(b). If an expert report "has not been served" before the statutory deadline because elements of the report are found deficient, the court may grant one thirty-day extension to the

---

**4.** Rule 192.7 defines written discovery as "requests for disclosure, requests for production and inspection of documents and tangible things, requests for entry onto property, interrogatories, and requests for admission." Tex.R. Civ. P. 192.7(a).

**5.** Rule 200.1 permits a party to "take the testimony of any person or entity by deposition on written questions before any person authorized by law to take depositions on written questions." Tex.R. Civ. P. 200(a). The notice may include a request for production of documents. *Id.* at 200.1(b).

**6.** Rule 205.1 permits the following types of discovery from a nonparty: (1) an oral deposition; (2) a deposition on written questions; (3) a request for production of documents or tangible things served with a notice of deposition on oral examination or written questions; and (4) a request for production of documents and tangible under this rule. Tex.R. Civ. P. 205.1(a),(b),(c), and (d).

claimant in order to cure the deficiency. *Id.* § 74.351(c).

Relator asserts that section 74.351(s) stays all discovery, other than the three enumerated exceptions, in a health care liability cause of action until an "adequate" expert report is served on each health care defendant. In support of his position, relator relies on two Texas Supreme Court opinions, *Lewis v. Funderburk,* 253 S.W.3d 204 (Tex.2008) and *Leland v. Brandal,* 257 S.W.3d 204 (Tex.2008).

In *Lewis,* the supreme court held an expert report is not "served" unless its content comports with statutory requisites. 253 S.W.3d at 207–08. In that case, the plaintiff argued that subsection (b), which requires dismissal of a plaintiff's claims when an expert report "has not been served," must be limited to cases in which there is no expert report at all. *Id.* at 207. Rejecting the plaintiff's argument, the supreme court observed that the Legislature made it clear when it enacted subsection (c), that the phrase "an expert report has not been served" includes cases in which an *inadequate* report has been served. *Id.* Therefore, the same phrase found in subsection (b) perforce includes cases in which an *inadequate* report has been served. *Id.* at 207–08.

In *Leland,* the supreme court rejected the argument that under subsection (c), which provides "the court" may grant a thirty-day extension to allow the claimant an opportunity to cure the deficiency, only the trial court may grant an extension if it determines that the expert report is deficient. 257 S.W.3d at 207. Instead, the supreme court held *either* the trial court *or* the court of appeals, upon finding the expert report deficient, may grant the thirty-day extension under section 74.351(c). *Id.*

In construing a statute, our primary goal is to ascertain and effectuate the legislature's intent. *Albertson's, Inc.*

*v. Sinclair,* 984 S.W.2d 958, 960 (Tex.1999) (per curiam). To ascertain the legislature's intent, we must consider the statute as a whole, and not to isolated provisions. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). When *Lewis* and *Leland* are considered together, we conclude that section 74.351(s) requires that discovery, other than the enumerated exceptions, be stayed in the trial court when an inadequate expert report has been served.

Under *Lewis,* an expert report has not been served if it is not adequate. 253 S.W.3d at 207. "When a statute uses a term with a particular meaning, we are bound by the statutory usage." *Id.* Therefore, consistent with the analysis in *Lewis,* the language, "until a claimant has served the expert report," means that, until the claimant has served an *adequate* expert report, all discovery in a health care liability claim, other than the specific enumerated exceptions, is stayed. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(s). Under *Leland,* the court of appeals, after finding the report deficient, may grant a thirty-day extension to cure the deficiency. *Leland,* 257 S.W.3d at 207. Therefore, when a health care defendant challenges the adequacy of an expert report in the appellate court, the report is not adequate and, therefore, not served, until the court of appeals determines that it is adequate. Until the issue of the adequacy of Sherman's expert report is resolved in the pending interlocutory appeal, there has been no service of the report as to Methodist Hospital.

An interpretation staying discovery until final judicial determination that an expert report is adequate and, therefore, served is consistent with the legislature's goal in enacting the Texas Medical Liability Act. The Legislature has repeatedly found that traditional rules of litigation

create an ongoing crises in the cost and availability of medical care. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex.2008) (orig. proceeding). To decrease the costs associated with frivolous suits, expert reports are required soon after filing as a means of separating meritorious claims from frivolous or premature claims. *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 461 (explaining, to address crises in cost of healthcare, Legislature requires that health care claims must be supported with expert reports). Therefore, to limit costs until those reports are produced, the 2003 Texas Legislature enacted section 74.351(s) to place strict limits on discovery. *In re Jorden*, 249 S.W.3d at 420. Thus, "when the Legislature enacted section 74.351, it expressly found that the benefits of deposing health care providers *do not* outweigh the burden and expense involved until after an expert report is served." *Id.* at 423 (emphasis in original).

■ Relator further asserts that section 74.351(s) applies uniformly to all heath care defendants in the litigation, even if only one challenges the adequacy of the expert report. Subsection (a) requires the claimant to serve her expert reports "on *each party* or the party's attorney." Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (emphasis added). In keeping with the Legislature's intent in enacting section 74.351(s), we agree. Whether Methodist Hospital remains in the case as a defendant will necessarily affect the other health care defendants' defenses against Sherman's claims. For example, if the discovery stay applies only to Methodist Hospital, relator and the other health care defendants would still be required to designate experts and witnesses and make them available for deposition by the other parties. If Methodist Hospital's appeal is unsuccessful, it will, in all likelihood, incur the expense of examining those previously deposed witnesses. Moreover, if Methodist does not prevail on its appeal, it will incur expenses associated with designating its own experts and witnesses and making them available for deposition. The other health care defendants may find it necessary to name additional experts or have existing experts re-deposed in light of Methodist Hospital's subsequent participation in discovery.

■ The discovery stay provided under section 74.351(s) is further limited by the application of subsection (u), which provides: "Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a)." Tex. Civ. Prac. & Rem.Code Ann. § 74.351(u). Subsection (s) defines the types of permissible discovery excepted from the stay imposed prior to service of the expert report, and subsection (u) restricts all claimants collectively to taking not more than two depositions of the types of permitted by subsection (s) during the stay. *In re Huag*, 175 S.W.3d 449, 456 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding). Therefore, subsections (s) and (u) bar oral depositions of parties and allow only two oral depositions of nonparties before the expert report is served. *Bogar v. Esparza*, 257 S.W.3d 354, 370 (Tex.App.-Austin 2008, no pet.) (op. on reh'g).

In her response to relator's petition, Sherman asserts that Section 51.014(b) of the Civil Practice and Remedies Code does not stay the entire proceedings pending an appeal from an order denying a motion to dismiss health care liability claim for failure to serve an expert report. Relator, however, has not argued that the underlying case should be stayed pursuant to sec-

tion 51.014(b), but, instead, has limited his arguments to section 74.351. While section 5.1014(b) provides for the stay of the commencement of trial pending an interlocutory appeal from an order denying a motion to dismiss a health care liability claim for failure to serve an expert report, it does not provide for stay of all proceedings in the trial court pending such appeal. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(b). Instead, section 51.014(b) provides only for the stay of all proceedings in the trial court pending interlocutory appeals from the certification of, or refusal to, certify a class,[7] the denial of a motion for summary judgment based on official immunity,[8] and the grant or denial of a plea to the jurisdiction.[9] *Id.*

However, section 74.351(s) is the controlling authority here, not section 51.014(b). "In the event of a conflict between [Chapter 74] and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." Tex. Civ. Prac. & Rem.Code Ann. § 74.002(a). Therefore, to the extent any conflict exists between sections 74.351(s) and 51.014(b), section 74.351(s) controls and mandates a stay of discovery other than the enumerated exceptions.

### No Adequate Remedy by Appeal

■ Relator further contends that he does not have an adequate remedy by appeal. Sherman maintains that even if Methodist Hospital prevails in its interlocutory appeal, there will be no prejudice to relator by conducting basic discovery in the underlying case because he did not appeal the denial of his own motion to dismiss. However, as addressed above, the section 74.351(s) discovery stay applies to all the health care defendants, whether or not they appeal the trial court's order finding the report adequate.

As already pointed out, undue expense and duplication of discovery will result to all the health care defendants if oral depositions are not stayed during the pendency of Methodist Hospital's interlocutory appeal. Once the health care defendants are deposed, the error cannot be cured. *See In re Jorden*, 249 S.W.3d at 419–20 ("If (as relators claim) Texas law prohibits presuit depositions until an expert report is served, those depositions cannot be 'untaken' and thus an appellate court will not be able to cure the error and enforce the statutory scheme after trial."); *In re Ford Motor Co.*, 988 S.W.2d at 721 (explaining appeal from trial court's discovery order is not adequate if the appellate court would not be able to cure the trial court's error on appeal). Moreover, relator stands to lose a substantial right, i.e., the benefits of the discovery stay mandated by section 74.351(s). *See Walker*, 827 S.W.2d at 842.

### Conclusion

We conclude that the trial court abused its discretion by failing to stay discovery in accordance with section 74.351(s) and that relator does not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its March 3, 2009 order denying relator's motion to stay discovery and enter a new order staying discovery pursuant to sections 74.351(s) and 74.351(u). The writ will issue only if the trial court fails to act in

---

7. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(3).

8. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5).

9. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8).

accordance with this opinion. We further lift the stay issued on April 7, 2009.