IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00398-CV

 

College Station Medical Center, LLC,

                                                                                    Appellant

 v.

 

Alma Doreen Todd,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 09-000300-CV-85

 



ORDER










 

            College Station Medical Center, LLC is appealing the trial court’s denial of its motion to dismiss pursuant to Section
74.351(b) of the Texas Medical Liability Act.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b) (Vernon Supp. 2009).  CSMC now asks this Court to issue temporary relief
and stay discovery in the underlying case.  See Tex. R. App. P. 29.3; id (s); In re Lumsden,
291 S.W.3d 456 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

            Generally, subsection (s) of section
74.351 provides for a stay of discovery, with some exceptions, until an expert
report is filed.  Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(s) (Vernon Supp. 2009).  CSMC has not asserted
that Alma Todd, appellee, is attempting to violate the automatic stay provided
by subsection (s).  Further, CSMC has not shown that it has made this request
for relief from the trial court and such relief has been denied.  See Lumsden,
291 S.W.3d at 462.  

            Accordingly, for the foregoing
reasons, we deny CSMC’s motion without prejudice to file another motion in the
event a violation of the stay is actually threatened, for example, if CSMC is
served with discovery and the trial court refuses to enforce the automatic stay
of most discovery.

                                                                        

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Davis concurring with a note) *

Motion
denied

Order
issued and filed January 13, 2010

 

 

            *
“(Justice Davis concurs in the ordered relief without joining the text of the
order.)”






motions for summary judgment, which were
premised upon the lack of jurisdiction.  In Trail’s seventh issue, Trail
contends that the trial court erred in overruling Trail’s motion for summary
judgment on jurisdiction.  In Trail’s first three issues, it contends that the
trial court erred in rendering judgment dismissing Trail’s cause for lack of
jurisdiction.

        The parties’ motions for
summary judgment concern whether Trail’s claims were ripe, specifically whether
Trail exhausted its remedies within the City.  “Ripeness is an element of
subject matter jurisdiction.”  Mayhew v. City of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998); accord McAllen Med. Ctr., Inc. v. Cortez, 66
S.W.3d 227, 231 (Tex. 2001); Waco Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 850, 851 (Tex. 2000).  “A case
is not ripe when determining whether the plaintiff has a concrete injury
depends on contingent or hypothetical facts, or upon events that have not yet
come to pass.”  Gibson at 852.  However, “futile variance requests or re-applications are
not required” in order for a regulatory takings claim to be ripe.  Mayhew at
929.  Moreover, where an ordinance “prohibit[s] precisely the use” the property
owner “intended to make of th[e] property, and nothing in the ordinance suggest[s]
any exceptions would be made,” the owner’s “taking claim [i]s ripe upon
enactment” of the ordinance “because at that moment the ‘permissible uses of
the property [are] known to a reasonable degree of certainty.’”  Hallco
Tex., Inc. v. McMullen County, 221 S.W.3d 50, 60 (Tex. 2006) (quoting Palazzolo
v. Rhode Island, 533 U.S. 606, 620 (2001)).

        The City’s motion raised two
grounds: that Trail’s claim was not ripe, see Tex. R. Civ. P. 166a(c), and that there was no evidence that
Trail’s claim was ripe, see Tex.
R. Civ. P. 166a(i).  In Trail’s motion for summary judgment, it
contended that its claim was ripe upon enactment of the ordinance.

        In a traditional
summary-judgment motion, “[t]he judgment sought shall be rendered forthwith if”
the summary-judgment evidence “show[s] that . . . there is no genuine
issue as to any material fact and the moving party is entitled to judgment as a
matter of law . . . .”  Tex.
R. Civ. P. 166a(c).  In a no-evidence summary-judgment motion, “[t]he
court must grant the motion unless the respondent produces summary judgment
evidence raising a genuine issue of material fact.”  Id. 166a(i).  “The reviewing court must affirm
summary judgment if any of the summary judgment grounds are meritorious.”  Tex.
Workers’ Comp. Comm’n v. Patient Advocates, 136 S.W.3d 643, 648 (Tex. 2004); accord Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  “When both parties move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review the summary
judgment evidence presented by both sides and determine all questions presented
and render the judgment the trial court should have rendered.”  Patient
Advocates at 648; accord FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

        In the City’s traditional
motion, the City moved for summary judgment on the ground that Trail’s “takings
claim lack[ed] the necessary predicate of the denial of a drilling permit and
the exhaustion of administrative remedies.”  (III C.R. at 939.)  In the City’s
no-evidence motion, the City moved for summary judgment on the ground that
there was “no evidence that [Trail] applied for and w[as] denied a drilling
permit or otherwise exhausted [its] administrative remedies prior to initiating
th[e] lawsuit.”  (Id. at 940.)  In Trail’s response to the City’s
no-evidence motion, Trail argued that it “d[id] not need to produce evidence of
a permit application,” and it did not.[1]  (Id. at 1069; see Trail Br. at 12.)  Trail “concede[d] that no formal application was filed on [its] behalf with
[the City] to obtain a permit to drill wells on [Trail’s] mineral properties.” 
(III C.R. at 1058.)  Rather, Trail argues that such an application would have
been futile: Trail’s “claims were ripe, as a matter of law, upon the City’s
passage of” the ordinance and Trail “is not required to produce evidence on
this element.”  (Br. at 18.)  In Trail’s motion, Trail argued that the
ordinance does not provide for a variance from its prohibition.

Trail’s claims were ripe upon enactment of the
ordinance.  The trial court erred in holding that Trail’s claims were not ripe
and that the court thus lacked jurisdiction.  We sustain Trail’s first, second,
third, fourth, fifth, and seventh issues.[2]  The trial court’s judgment dated August 29,
2005, will be reversed.

Motion for Judgment.  Trail’s sixth issue contends that the trial
court erred in overruling Trail’s motions for judgment.  Trail argues that judgment
should now be rendered for Trail on the finding of liability and the jury’s
determination of damages.  We have concluded that the court erred in holding
that Trail’s claims were not ripe.  Thus, we also sustain the sixth issue.  The
judgment appealed from, signed on August 29, 2005, recites the history of the
litigation and, prior to addressing the ripeness issue, states:

            The Court, based upon its findings and
determination that an inverse condemnation occurred in this case on November 5,
1997, and based upon the stipulations of the parties and the jury verdict on
the difference in market value of the property, was of the opinion that
Plaintiffs were entitled to recover from Defendant $16,849,099.37 plus
pre-judgment interest at the rate of 5.0% per annum from November 5, 1997,
until date of judgment.  The final judgment is incorporated for all purposes by
reference.

            After entry of judgment based upon the
Jury Trial Verdict, the City filed a Motion for New Trial and urged that the
cause was not ripe and should be denied for want of jurisdiction.

 

The Court then sustained the City’s motion on the
ripeness issue and dismissed the case, without prejudice, for lack of
jurisdiction.

The parties agree that neither a “final judgment” nor
a “motion for new trial” described by the August 29, 2005, judgment quoted
above was filed.  Accordingly, we requested that the parties submit their
proposed judgments for our consideration.  We will render judgment for Trail.

            Conclusion.  We have
sustained all of Trail’s issues.  We will reverse the trial court’s judgment
and, based on the trial court’s finding that an inverse condemnation occurred,[3] the stipulations of the parties, and the jury’s
verdict, render judgment[4] that: 


 Plaintiffs have and recover of and from the
 City of Houston the sum of SIXTEEN MILLION EIGHT HUNDRED FORTY-NINE
 THOUSAND NINTY-NINE AND 37/100 DOLLARS ($16,849,099.37), together with
 pre-judgment interest thereon at the rate of 5% per annum from November 5,
 1997, to date of this judgment, and post-judgment interest at the maximum
 rate provided by law from the date of this judgment until paid;
 The City of Houston have and recover of and
 from Plaintiffs as of November 5, 1997, all of Plaintiffs’ right, title,
 and interest in and to all of the oil, gas, and other minerals in and
 under 1,025 acres of land in Harris County, Texas, and being described as
 three tracts of 885 acres, 100 acres, and 40 acres, respectively, in
 Exhibit “A” attached to the judgment, which descriptions are incorporated
 herein for all purposes, the interests of the respective Plaintiffs being
 shown in Exhibits “B” and “C” attached to the judgment and being 88.46204
 per cent of the mineral interests underlying the above described land according
 to the parties’ Stipulation appearing at Volume IV, Page 1166 of the
 Clerk’s Record in this cause;
 The City of Houston is entitled to credit
 against the judgment granted herein for sums received by the Plaintiffs since
 the date of taking, November 5, 1997, on their respective interests set
 forth in Stipulations of the parties appearing at Volume IV, Page 1192 of
 the Clerk’s Record in this cause; and
 The City of Houston pay all costs of this
 proceeding, including costs incurred in the trial court and in this court.


 

BILL VANCE

Justice

 

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Chief Justice Gray dissenting)

Reversed and judgment rendered

Opinion delivered and filed November 21, 2007

[CVPM]          









[1] Trail
suggests on appeal that the ripeness doctrine should not apply to mineral
interests.  The ripeness doctrine applies to mineral interests.  See City of
 Anson v. Harper, No. 11-05-00398-CV, 2006 Tex. App. LEXIS 6055, at *7-*10
(Tex. App.—Eastland July 13, 2006, no pet.).





[2]
The opinion to this point was written by
Chief Justice Gray.  When a majority voted to render judgment, the undersigned
became the author.





[3] The trial court instructed the jury that a
“taking” had occurred on November 5, 1997.

 





[4] If any party believes that the judgment we render
should be modified or corrected, we invite a motion for rehearing to that
effect.