Order filed June 9, 2011

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00097-CV 

                                                    __________

 

ABILENE REGIONAL MEDICAL
CENTER, DEBBIE MARSH, 

         APRIL NICHOLS,
AND TARENA SISK, Appellants

 

                                                             V.

 

ADANELICA ALLEN AND DAVID
ALLEN, INDIVIDUALLY AND 

       AS NEXT FRIENDS OF
MADISON ALLEN, Appellees



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 022317 

 



 

                                                      A
M E N D E D   O R D E R 

            This
accelerated appeal arises from the trial court’s denial of appellants’ motion
to dismiss appellees’ health care liability claims.  In this appeal, appellants
challenge the adequacy of appellees’ expert reports under Section 74.351 of the
Civil Practice and Remedies Code.[1] 
On April 28, 2011, we entered an order staying discovery in the underlying case
in Cause No. 022317, styled Adanelica Allen and David Allen,
Individually and as Next Friends of Madison Allen, Plaintiffs v. Abilene
Regional Medical Center, Debbie Marsh, April Nichols, and Tarena Sisk,
Defendants, pending in the 259th District Court of Jones County.  Appellees
have filed a “Motion to Clarify or Alternatively Reconsider in Part Order on
Appellants’ Motion for Temporary Relief of a Stay of Discovery.”  Appellants have
filed an opposition to appellees’ motion.  Having considered the motion and the
opposition to the motion, we conclude that appellees’ motion to reconsider
should be granted.  Therefore, the motion to reconsider is granted as set forth
below.  

            In
our earlier order, we stayed discovery in the underlying case pending a
resolution of this appeal.  Section 74.351(s) permits a claimant to conduct
limited discovery until the claimant has filed the expert report required by
Section 74.351(a).  Specifically, Section 74.351(s) provides as follows:

      Until a
claimant has served the expert report and curriculum vitae as required by
Subsection (a), all discovery . . . is stayed except for the acquisition by the
claimant of information, including medical or hospital records or other
documents or tangible things, related to the patient’s health care through:

 

       (1) written
discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

 

       (2)
depositions on written questions under Rule 200, Texas Rules of Civil
Procedure; and

 

      (3) discovery
from nonparties under Rule 205, Texas Rules of Civil Procedure.

 

Section
74.351(u) provides that, “[n]otwithstanding any other provision of this
section, after a claim is filed all claimants, collectively, may take not more
than two depositions before the expert report is served as required by
Subsection (a).”

            When
a defendant challenges the adequacy of an expert report in an appeal, “the
report is not adequate and, therefore, not served, until the court of appeals
determines that it is adequate.”  In re Lumsden, 291 S.W.3d 456, 460
(Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).  Until the issue of
the adequacy of appellees’ expert reports is resolved in this appeal, there has
been no service of an expert report on appellants.  Id.  Because no
report has been served, the plain language of Section 74.351(s) allows
appellees to engage in the limited discovery that it permits.  That limited
discovery may be further limited by Section 74.351(u).

            Therefore,
we order that appellees are entitled to conduct the limited discovery as permitted
by Section 74.351(s) and (u) in the underlying cause.  We further order that
all other discovery in the underlying cause is stayed pending the resolution of
this appeal.                             

            

                                                                                                PER
CURIAM           

                                                                                                

June 9, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 

 









                [1]See Tex.  Civ. Prac. & Rem. Code Ann. §
74.351 (Vernon 2011). 





[2]Rick Strange, Justice, resigned effective April 17, 2011. 
The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.