**Opinion issued December 23, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-00059-CV**

————————————

**IN RE HOA HAO BUDDHIST CONGREGATIONAL CHURCH TEXAS CHAPTER AND DUNG ANH NGUYEN, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators, Hoa Hao Buddhist Congregational Church Texas Chapter (Hoa Hao) and Dung Anh Nguyen, have filed a petition for writ of mandamus, challenging the trial court's order denying their motion for protective order, requiring them to comply with real party in interest Sarah Huynh's discovery demands, and abating their motion for summary judgment until thirty days after the

completion of discovery.[1] We conditionally grant the petition for writ of mandamus in part.

## Background

After a dispute arose between the parties, Huynh, through her attorney, made a written request to Hoa Hao to inspect books, records, and documents pertaining to Hoa Hao's operation and governance since its formation in 2007. *See* TEX. BUS. ORGS. CODE ANN. § 22.351 (West 2012). Huynh also filed a petition for writ of mandamus in the trial court, naming Hoa Hao and Nguyen, as President and/or custodian of records for Hoa Hao, as defendants and seeking to compel them to permit examination of the corporation's books and records. Huynh alleged that Hoa Hao was a non-profit corporation organized under Texas law and she had been a member and director of the non-profit corporation at all times since its incorporation. By letter addressed to Huynh's counsel, relators, through their counsel, responded to Huynh's request to inspect Hoa Hao's records, asking for documents to support her authority to inspect the records. Huynh then amended her original petition to add claims for breach of fiduciary duty against Nguyen, asserting that he was "personally responsible for denying [her] lawful rights by directing counsel 'representing Hoa Hao' to refuse the requested examination" and

---

[1] The underlying case is *Sarah Huynh v. Dung Anh Nguyen and Hoa Hao Buddhist Congregational Church-Texas Chapter*, cause no. 1035611, in the County Civil Court at Law No. 4 of Harris County, Texas, the Honorable Roberta Lloyd presiding.

2

his actions constituted a breach of the fiduciary duty he owed to Hoa Hao's members.

Soon after she amended her petition, relators served Huynh with interrogatories, requests for production, and requests for admission. The mandamus record reflects that Huynh responded to at least some of relators' requests. Huynh also propounded discovery to relators, including requests for production, interrogatories, and requests for admission. Relators responded to all the discovery requests with general objections, including "[o]verly broad," "not limited in time and scope," and "seeks information that is not relevant and that is not reasonably calculated to the discovery of admissible evidence." Relators did not answer any interrogatories or requests for admission, or provide documents to Huynh.

Instead, realtors filed a motion for a protective order, seeking a stay of discovery "pending the resolution of the central issue of whether [the trial court] has jurisdiction to determine 'who ought to be members of the church.'"[2] Relators challenged Huynh's membership in Hoa Hao and contended that she was not entitled to review its records without a determination that she is a member and the trial court was "constitutionally prohibited and deprived of subject matter

[2] In her response in this Court, Huynh asserts that Hoa Hao served Huynh with the motion for protective order but did not file it with the trial court. Hoa Hao's supplemental record in this proceeding includes a file-stamped copy of the motion for protective order.

3

jurisdiction to make that determination." Relators further contended that the discovery Huynh sought "was the ultimate relief" sought by her mandamus petition. Shortly thereafter, relators filed their plea to the jurisdiction and, alternatively, motion for summary judgment, supported by affidavits and other exhibits. Realtors sought dismissal of the case, asserting that the trial court did not have jurisdiction to determine Huynh's membership in Hoa Hao. As to Nguyen, relators further asserted that Section 22.152 of the Business Organizations Act precluded a claim for damages against him and, alternatively, moved for summary judgment as a matter of law on Huynh's breach of fiduciary duty claim against him. *See* TEX. BUS. ORGS. CODE ANN. § 22.152 (West 2012).

Huynh then filed her motion to compel realtors' responses to her discovery requests. Huynh contended, in sum, that the trial court had jurisdiction because it could decide the disputed matters under neutral principles of law; all of the disputed issues, including the jurisdictional issue, involved questions of fact; and discovery was appropriate to answer a plea to the jurisdiction or summary judgment motion and support her "already pleaded" and "potentially available" claims against relators. Specifically, according to Huynh, the trial court had jurisdiction because relators operated by and through a corporation and "identity and interests of the Church membership are co-extensive with those of the defendant corporation . . . ." Realtors responded, contending that the trial court

4

should continue the hearing on Huynh's motion until the court determined the jurisdiction issue; the requested discovery was overly broad, unduly burdensome, and exceeded the bounds of permissible discovery; and Huynh was not entitled "by way of discovery [to] what she would not be entitled by way of a final judgment from [the trial court.]"

The trial court held a hearing on Huynh's motion to compel at which no evidence was offered or admitted. At the end of the hearing, the trial court indicated that it would grant Huynh's motion, and would "put everything off" and "roll it forward" to allow Huynh time to review relators' discovery responses before responding to their plea to the jurisdiction. Several days later, the trial court signed an order (1) requiring relators to comply fully with Huynh's discovery demands, (2) denying relators' motion for protective order, and (3) carrying their summary judgment motion until thirty days after completion of the discovery required by the order. Relators then filed their petition for writ of mandamus and a motion for temporary relief. We issued an order staying the trial court order requiring relators to comply with Huynh's discovery demands pending resolution of this mandamus proceeding. *See* TEX. R. APP. P. 52.10(a).

**Discussion**

Relators contend that the trial court abused its discretion in denying their motion for protective order and abating their plea to the jurisdiction because the trial court was obligated to determine the threshold issue of its own subject-matter jurisdiction before requiring them to respond to Huynh's discovery requests.[3] Relators further contend that the irrelevant and overbroad discovery that the trial court ordered "bore no utility to the legal issues raised by Relators' plea to the jurisdiction and motion for summary judgment . . . ."

A.  **Standard of review**

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the

---

[3]    We do not reach the issue whether the trial court abused its discretion in abating relators' plea to the jurisdiction. The order that relators challenge states that relators' "motion for summary judgment, presently noticed for January 28, 2014, shall be carried" until thirty days after the ordered discovery is completed and does not mention relators' plea to the jurisdiction.

facts. *In re Prudential Ins.*, 148 S.W.3d at 135. Mandamus relief is available when a trial court compels discovery beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). An appeal from a trial court's discovery order is not adequate if the appellate court would not be able to cure the trial court's error on appeal. *In re Lumsden*, 291 S.W.3d 456, 459 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (citations omitted).

B.     **The trial court abused its discretion by requiring relators to comply fully with Huynh's discovery demands**

Realtors assert that resolution of Huynh's claims asserted against them requires a determination that Huynh is Hoa Hao member, a determination that the trial court lacks jurisdiction to make. Thus, according to relators, the trial court's order "violates the separation between church and state guaranteed by the First Amendment" and "places the cart before the horse . . . ." By their plea to the jurisdiction, relators challenged Huynh's membership in Hoa Hao and the trial court's jurisdiction to determine whether she is member of the church. *See Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007) (stating that lack of jurisdiction may be raised by plea to jurisdiction when religious-liberty grounds are basis for jurisdictional challenge). By their motion for protective order, relators sought a stay of discovery pending resolution of subject-matter jurisdiction, also

contending that the trial court did not have jurisdiction to make an independent determination of Huynh's membership and the discovery sought was the "ultimate relief" Huynh sought by her mandamus proceeding in the trial court.

Relators do not dispute that Hoa Hao is a nonprofit corporation organized under Texas law, the Texas Nonprofit Corporation Act (the Act). *See* TEX. BUS. ORGS. CODE ANN. §§ 22.001–.365 (West 2012). A "member" of a nonprofit corporation is "a person who has membership rights in the nonprofit corporation under its governing documents[.]" *Id.* § 1.002(53)(B) (West Supp. 2014). The "governing documents" are "the certificate of formation for a domestic filing entity or the document or agreement under which a domestic filing entity is formed" and "the other documents or agreements adopted by the entity under this code to govern the formation or the internal affairs of the entity[.]" *Id.* § 1.002(36)(A)(i), (ii) (West Supp. 2014). A member of a nonprofit corporation has a right, "on written demand stating the purpose of the demand . . . at any reasonable time and for any proper purpose" to examine and copy books and records relevant to that purpose, at the member's expense. *Id.* § 22.351 (West 2012); *see Lacy v. Bassett*, 132 S.W.3d 119, 124 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

In the trial court, realtors disputed Huynh's assertion that she was a "member" of Hoa Hao at the time she requested inspection of Hoa Hao's books and records. *See Citizens Ass'n for Sound Energy v. Boltz*, 886 S.W.2d 283, 289–

8

90 (Tex. App.—Amarillo 1994, writ denied) (recognizing that plaintiff requesting inspection of records of nonprofit corporation had to establish membership at time of request). Relators sought protection from discovery, contending that the trial court did not have subject-matter jurisdiction to determine whether Huynh was or was not a member of Hoa Hao.

The Free Exercise Clause of the First Amendment prohibits civil courts from interfering in a church's purely ecclesiastical or administrative affairs. *See Westbrook*, 231 S.W.3d at 398–99; *Windwood Presbyterian Church, Inc. v. Presbyterian Church (U.S.A.)*, 438 S.W.3d 597, 600 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In Texas, this doctrine has been referred to as "ecclesiastical abstention" or "ecclesiastical exemption." *See Windwood Presbyterian*, 438 S.W.3d at 600 (citing *Lacy*, 132 S.W.3d at 123). The ecclesiastical-abstention doctrine stands for the proposition that the First Amendment prohibits civil courts from exercising jurisdiction over matters concerning "'theological controversy, church discipline, ecclesiastical government, or the conformity of the members of a church to the standard of morals required of them.'" *Thiagarajan v. Tadepalli*, 430 S.W.3d 589, 594 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (quoting *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713–14, 96 S. Ct. 2372, 2382 (1976)). "But Texas courts are bound to exercise jurisdiction vested in them by the Texas Constitution and cannot delegate their judicial prerogative

where jurisdiction exists." *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 606 (Tex. 2013). However, "the line between required judicial action and forbidden judicial intrusion 'will not always be distinct' because many disputes 'require courts to analyze church documents and organizational structures to some degree.'" *Thiagarajan*, 430 S.W.3d at 595 (quoting *Masterson*, 422 S.W.3d at 606)).

To properly exercise jurisdiction, courts are "to apply neutral principles of law to non-ecclesiastical issues involving religious entities in the same manner as they apply those principles to other entities and issues." *Thiagarajan*, 430 S.W.3d at 595 (citing *Masterson*, 422 S.W.3d at 606). Thus, courts "apply neutral principles of law to issues such as land titles, trusts, and corporate formation, governance, and dissolution, even when religious entities are involved." *Masterson*, 422 S.W.2d at 606. Under such an approach, a court may interpret church documents in purely secular terms without relying on religious precepts in resolving the conflict. *See Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756, 758–59 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Jones v. Wolf*, 443 U.S. 595, 604, 99 S. Ct. 3020, 3026 (1979)); *see also Anderson v. Truelove*, No. 01-13-00872-CV, 2014 WL 3747604, at *5 (Tex. App.—Houston [1st Dist.] July 31, 2014, no pet. h.) (noting possible application of neutral

principles of law in cases in which question turns on substance of document to which neutral principles may be applied, such as incorporated church's bylaws).

In *Lacy v. Bassett*, the Fourteenth Court of Appeals considered the application of the Act to a church member's request for access to a church's financial records. 132 S.W.3d at 121. Lacy, a church member, sued the church and church personnel after the church did not comply with her request to inspect church records. *Id.* The church moved to dismiss the suit, asserting that the court did not have subject-matter jurisdiction because the court would be required to involve itself in matters of church governance. *Id.* The trial court dismissed Lacy's claims. *Id.* at 121–22. The court of appeals disagreed. It concluded that, by incorporating under the Act, the church had become amenable to the Act's provisions; and the member's "request to review the Church's records merely require[d] the trial court to enforce a neutral principle of law." *Id.* at 126; *see Chen v. Tseng*, No. 01-02-01005-CV, 2004 WL 35989, at *6 (Tex. App.—Houston [1st Dist.] Jan. 8, 2004, no pet.) (mem. op.) (affirming trial court judgment based on application of neutral principles to interpret and apply corporation's bylaws that "governed the Corporation, not the religious group"). The court of appeals reversed the trial court judgment "[b]ecause under these circumstances the court is not required to involve itself with any religious doctrine or principles . . . ." *Lacy*, 132

11

S.W.3d at 126. Notably, the parties did not dispute that Lacy was a member of the church. *See id.* at 124 n.6.

Here, unlike in *Lacy*, relators dispute Huynh's membership in Hoa Hao. Huynh asserts that membership in the church and the corporation are co-extensive and "the corporation had no lawful means to exclude any Church member from corporate membership."[4] Accordingly, relators' challenge to Huynh's membership in Hoa Hao raised a question of the trial court's jurisdiction over Huynh's claims against relators. *See Fesseha v. Ethiopian Orthodox Tewahedo Debre Meheret St. Michael's Church in Dallas*, No. 05-10-00202-CV, 2011 WL 2685969, at *3 (Tex. App.—Dallas July 12, 2011, no pet.) (mem. op.) (citing *Westbrook*, 231 S.W.3d at 398–99; *Retta v. Mekonen*, 338 S.W.3d 72, 77 (Tex. App.—Dallas 2011, no pet.)) (stating courts do not have jurisdiction "to decide who may or may not be members of the church"); *see also Cherry Valley Church of Christ/Clemons v. Foster*, No. 05-00-01798-CV, 2002 WL 10545, at *3 (Tex. App.—Dallas Jan. 4, 2002, no pet.) (not designated for publication) (concluding that court could not apply neutral principles when church's articles of incorporation provided for selection of directors "according to the custom and practices of the church").

Before determining the jurisdiction question, the trial court required relators to comply with Huynh's discovery demands. In her response to relators' petition in

---

[4] In her motion to compel, Huynh asserted that she was, and continues to be, a member of the corporation "by virtue of her membership in the Church . . . ."

this Court, Huynh suggests that requiring compliance was proper so that she could respond to relators' plea to the jurisdiction. Some tailored or limited discovery may be appropriate when an evidence-based jurisdiction challenge is asserted. *See, e.g.*, *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 178 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (concluding that "discovery limited to ascertaining facts related to the jurisdictional plea" was proper in suit asserting claims arising from termination of teacher's employment with diocese);[5] *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) (recognizing that trial courts must exercise discretion with regard to timing of evidence-based jurisdictional challenges to ensure claimant has opportunity to develop and present contrary evidence). Here, however, review of Huynh's discovery requests reflects that the requests were not limited to the disputed issue of Huynh's membership in Hoa Hao.

---

[5] In *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169 (Tex. App.—Houston [14th Dist.] 1994, writ denied), the diocese challenged the trial court's jurisdiction to review a "religious-based" decision to terminate the plaintiff's employment at a diocesan school. The plaintiff contended that the diocese's actions were not religious-based and did not involve an ecclesiastical matter. *Id.* at 174. The trial court withheld a ruling on the diocese's plea to the jurisdiction, allowed plaintiff limited discovery to discover the reasons for his termination and whether the decision was motivated by religious concerns, and provided for presentation of the jurisdictional question by summary judgment motion. *Id.* at 171. In reaching its decision, the court of appeals noted that "[t]here is nothing to show the decision to terminate [plaintiff] in fact involved religious concerns so that excessive entanglement will result from discovery . . . ." *Id.* The court concluded that it could not conclude that the trial court abused its discretion in allowing plaintiff "to prove his case while at the same time tailoring the inquiry to avoid entanglement." *Id.* at 175–76.

13

Moreover, requiring relators to comply with Huynh's discovery demands will provide Huynh with the relief sought through her petition seeking to compel relators to allow an inspection of Hoa Hao's books and records. "Allowing discovery that provides a party the relief sought in the main suit severely compromises or vitiates the other party's ability to present his claim or defense during a trial because the issue would be moot." *In re Kimberly-Clark Corp.*, 228 S.W.3d 480, 490 (Tex. App.—Dallas 2007, orig. proceeding) (citing *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 883 (Tex. App.—Dallas 2004, orig. proceeding)).

Huynh also responds that the First Amendment does not protect tortious conduct and that she may obtain discovery that will lead to discovery of "relevant and admissible information about Mr. Nguyen's tortious conduct."[6] We understand Huynh to contend that the requested discovery is appropriate to test her potential claims against Nguyen, but merits discovery should wait until a ruling on the jurisdictional plea. Although the scope of discovery is "'quite broad,' it remains confined by the subject matter of the case and the reasonable expectations of gathering information that will aid in the resolution of the dispute." *In re Mem'l*

---

[6]    Texas courts have concluded that tort claims necessitated involvement with religious doctrine, requiring application of the ecclesiastical doctrine. *See, e.g.*, *In re Godwin*, 293 S.W.3d 742, 749–50 (Tex. App.—San Antonio 2009, orig. proceeding [mand. denied])*; Patton v. Jones*, 212 S.W.3d 541, 552 (Tex. App.—Austin 2006, pet. denied); *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877, 897–98 (Tex. App.—Dallas 2000, pet. denied).

*Hermann Healthcare Sys.*, 274 S.W.3d 195, 202 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (citing TEX. R. CIV. P. 192.1). Discovery requests, therefore, must be reasonably tailored to include only matters relevant to the case. *Id.* (citing *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003)).

We conclude that the trial court abused its discretion in requiring relators to comply fully with Huynh's discovery demands before determining the jurisdiction question raised in relators' motion for protective order and plea to the jurisdiction. *See City of Anson v. Harper*, 216 S.W.3d 384, 390 (Tex. App.—Eastland 2006, no pet.) ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery.") Further, mandamus relief is appropriate in this case. *See In re Weekley Homes*, 295 S.W.3d at 322 (stating mandamus relief is available when trial court compels discovery beyond permissible bounds of discovery); *see also In re Godwin*, 293 S.W.3d 742, 747 (Tex. App.—San Antonio 2009, orig. proceeding [mand. denied]) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996)) ("[A]ppeal is often inadequate to protect the rights of religious organizations when there are important issues relating to the constitutional protections afforded by the First Amendment.").

## Conclusion

Accordingly, we grant relators' petition for writ of mandamus in part, and direct the trial court to vacate the portion of its order denying relators' motion for

protective order and requiring relators to comply fully with Hyunh's discovery demands. The writ will issue only if the trial court does not do so. We deny Huynh's request for sanctions against relators' counsel, and dismiss all other pending motions as moot. Finally, we vacate our order, issued on January 22, 2014, staying the trial court's order requiring relators "to comply fully with Plaintiff's discovery demands, as initially served on November 13, 2013."


 

Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.