**Order filed March 7, 2019**



## In The

# Eleventh Court of Appeals

_____

### No. 11-18-00353-CV

_____

## AMANDA MARIE COCI AND HEART OF TEXAS EMS, INC., D/B/A HEART OF TEXAS  EMS, Appellants

### V.

## APRIL DOWER, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1801020**

### O R D E R

In this accelerated appeal from an order in which the trial court denied a motion to dismiss that was filed pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code, Appellants have filed a motion to stay. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West 2017). In their motion, Appellants ask this court to issue an order to stay "any further proceedings in the trial court until final disposition of the interlocutory appeal." We grant the motion to stay.

Appellants indicate that Appellee and the trial court are pushing forward with discovery, pretrial, and a trial setting. Appellants wish to stay all of the proceedings in the trial court, including discovery, pending the outcome of their interlocutory appeal in this court. Appellee opposes the motion to stay and has filed a response in this court. In her response, Appellee points out that, pursuant to the statute authorizing this interlocutory appeal, Section 51.014 of the Texas Civil Practice and Remedies Code, only the commencement of the trial is stayed. CIV. PRAC. & REM. § 51.014(a)(9), (b) (West Supp. 2018).

While we agree that Section 51.014(b) only stays the commencement of a trial, we do not agree that Section 51.014(b) controls. Section 74.351(s) provides:

> Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
>
> (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and
>
> (3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

To the extent of a conflict between Section 51.014(b) and Section 74.351(s), "section 74.351(s) controls and mandates a stay of discovery other than the enumerated exceptions." *In re Lumsden*, 291 S.W.3d 456, 462 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *see also* CIV. PRAC. & REM. § 74.002(a).

The issue involved in this appeal is whether Appellee's claims are health care liability claims. In response to Appellants' motion to dismiss, which was filed in the trial court pursuant to Section 74.351(b), Appellee asserted that her lawsuit did not involve "any qualifying health care liability claims." The trial court apparently

agreed and denied Appellants' motion to dismiss. Whether Appellee has asserted a health care liability claim is a question to be determined in the interlocutory appeal; however, *if* Appellee has asserted a health care liability claim (an issue which we are not yet deciding and on which we express no opinion at this juncture), Appellants are entitled to a stay pursuant to *Lumsden* and Section 74.351(s). We believe that a stay is warranted until this court has had an opportunity to determine whether Appellee's claims are health care liability claims.

Accordingly, we grant Appellants' motion and order that all proceedings below—other than discovery permitted by Section 74.351(s)—are stayed until further order of this court or final disposition of the interlocutory appeal in this cause.

PER CURIAM

March 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.