**Dismissed and Opinion Filed February 24, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01352-CV

**IN RE JOHN LANIER BURNS, JR., M.D., HENRY STEPHENSON BYRD, M.D.,
JASON KYLE POTTER, M.D., RICHARD YOUNGMIN HA, M.D.,
ALTON JAY BURNS, M.D., MATTHEW JOHN TROVATO, M.D.,
BRADLEY ALAN HUBBARD, M.D., BRYAN STAPP ARMIJO, M.D.,
RODNEY JAMES ROHRICH, M.D., SAMEER SUBHASH JERJURIKAR, M.D.,
SAMEER S. JEJURIKAR, M.D., P.A., DALLAS DAY SURGERY OF TEXAS, NORTH,
LTD., THE CLOISTER, PLLC D/B/A THE CLOISTER AT PARK LANE, Relators**

**Original Proceeding from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-15866**

## MEMORANDUM OPINION

Before Justices Molberg, Osborne, and Nowell
Opinion by Justice Molberg

In this petition for writ of mandamus, relators complain of the trial court's order granting real parties in interest's motion for net worth discovery under section 41.0115 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE § 41.0115(a). Concluding we lack jurisdiction, we dismiss the petition.

### BACKGROUND

Real parties in interest Rolanda Hutton and her husband filed this medical malpractice action against relators alleging relators were negligent and grossly negligent in their treatment and

care of Hutton during and following surgery.[1]  Hutton and her husband timely served their threshold expert report as required in health care liability claims under section 74.351(a) of the civil practice and remedies code and subsequently moved for discovery of the relators' net worth. Relators objected to the expert report and opposed the discovery.

The trial court heard both the objection to the report and the motion for net worth discovery on the same day, overruling the objection to the expert report and granting the net worth discovery motion.  Relators filed an accelerated appeal from the order overruling their objections to the expert report.  That appeal is pending.  They also filed this mandamus proceeding from the discovery order.

## APPLICABLE LAW

In the discovery context, mandamus is appropriate when the trial court compels production beyond that allowed by law.  *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927 (Tex. App.—Dallas 2014, orig. proceeding).  For example, mandamus is appropriate when disclosure of trade secrets or privileged information would "materially affect the rights of the aggrieved party" or when discovery imposes a burden on the producing party that far outweighs any benefit the requesting party may obtain.  *In re Islamorada Fish Co, Tex., L.L.C.*, 319 S.W.3d 908, 911 (Tex. App.—Dallas 2010, orig. proceeding) (op. on reh'g) (en banc) (quoting *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008)).  However, mandamus cannot lie if the proceeding is not ripe for determination.  *See In re Penney*, No. 05-14-00503-CV, 2014 WL 2532307, at *2 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (mem. op.).  A proceeding is not ripe for determination, and should generally be dismissed, when the injury is contingent or remote.  *See*

---

[1] Relators are Dr. Sameer Jejurikar, Hutton's surgeon; Dallas Day Surgery of Texas, North. Ltd. ("DDSTN"), the facility where the surgery was performed; The Cloister, the after-care facility to which Hutton was discharged; the managing members of The Cloister; and, the limited partners of DDSTN.

*Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (citation omitted); *In re Penney*, 2014 WL 2532307, at *2, *3.

In a health care liability suit, discovery, other than discovery sought by the claimant concerning the patient's health care, is stayed until the required threshold expert report is served. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(s). When a health care defendant challenges the adequacy of an expert report on appeal, the report is not deemed served until a final judicial determination is made that the report is adequate. *In re Lumsden*, 291 S.W.3d 456, 460 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

## DISCUSSION

Here, relators seek relief from a discovery order that is currently stayed. That stay will remain in place until a final, judicial determination is made as to the adequacy of the expert report and the report is deemed served. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(s); *In re Lumsden*, 291 S.W.3d at 460. If and when the report will be found adequate and deemed served is unknown. Relators' rights are, therefore, not at risk of being materially affected until those determinations are made. Accordingly, we conclude the petition is not ripe for review and dismiss it for want of jurisdiction. *See Patterson*, 971 S.W.2d at 442; *In re Penney*, 2014 WL 2532307, at *3.

/Ken Molberg//
_____
KEN MOLBERG
JUSTICE

191352f.p05

–3–