**Aimee HARVEY, Individually and as Next Friend of Talisa Phillips, Amanda Harvey, Henry Wilson III, as Next Friend of Aaleisa Phillips (a Minor), and Gwendolyn Wilson, Appellants**

v.

**KINDRED HEALTHCARE OPERATING, INC., Kindred Hospital Houston Medical Center, and Kindred Hospitals Limited Partnership, Appellees**

NO. 14–15–00704–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 23, 2017.

Lori D. Proctor, J. Jonathan Hlavinka, Houston, TX, for Appellees.

Percy C. Singleton Jr., Pearland, TX, for Appellants.

Panel consists of Justices Jamison, Wise, and Jewell.

## OPINION

Martha Hill Jamison, Justice

This case presents a unique question—whether the stay of discovery under chapter 74 of the Texas Civil Practice and Remedies Code, involving healthcare liability claims,[1] supersedes a trial court's docket control order governing discovery and precludes the trial court from granting a motion for no-evidence summary judgment based on the claimant's failure to designate expert witnesses while the stay is in effect. We conclude that it does.

Appellants Aimee Harvey, Amanda Harvey, Henry Wilson III, and Gwendolyn Wilson[2] challenge in one issue the trial court's grant of no-evidence summary judgment in favor of appellees Kindred Healthcare Operating, Inc., Kindred Hospital Houston Medical Center (Kindred Hospital), and Kindred Hospitals Limited Partnership (collectively, Kindred). Kindred moved for summary judgment on the

---

1. See Tex. Civ. Prac. & Rem. Code §§ 74.001–.507.

2. Aimee Harvey appears individually and "as next friend" of Talisa Phillips, who is deceased. We presume for purposes of this opinion that Harvey is a representative of Phillips' estate. Henry Wilson III appears as next friend of Aaleisa Phillips, a minor.

basis that appellants did not designate expert witnesses by the deadline in the trial court's docket control order. Appellants contend that they were not required to designate expert witnesses at that time because a discovery stay was in effect under chapter 74.

We first address whether the chapter 74 discovery stay applies when an adequate expert report has not been served and conclude, consistent with established authority, that it does. We then hold for the first time that the chapter 74 discovery stay supersedes a conflicting docket control order governing discovery and a trial court may not grant a motion for no-evidence summary judgment in a healthcare liability suit for failure to designate experts when the chapter 74 discovery stay is in effect. We reverse the trial court's summary judgment and remand the case for further proceedings consistent with this opinion.

### Background

Talisa Phillips passed away while she was a patient at Kindred Hospital. Her heirs filed a medical malpractice suit, bringing negligence, gross negligence, survival, and wrongful death claims against Kindred.

The trial court issued a docket control order establishing several deadlines for the case, including a March 30, 2015 date for appellants to designate their expert witnesses.[3] Appellants timely served two expert reports on Kindred.[4] Kindred objected to the reports and moved to dismiss Harvey's claims.[5] On April 6, the trial court held a hearing and sustained Kindred's objections, but permitted appellants thirty days, until May 7, to serve amended expert reports.[6] Appellants served an amended expert report on May 7, to which Kindred objected. The trial court has not ruled on the adequacy of the amended expert report.

On April 30, Kindred filed its no-evidence motion for summary judgment. Kindred asserted that appellants were required to present expert testimony to prove their negligence and gross negligence claims and were barred from doing so because they failed to designate expert witnesses before the court-ordered March 30 deadline. Appellants responded to Kindred's motion for summary judgment and attached expert witness affidavits, among other evidence, in support of the response.[7] Kindred objected to the evidence in support of the response and moved to strike the expert affidavits. On May 27, the trial court sustained Kindred's objections, granted Kindred's motion for summary judgment, and "dismissed with prejudice" all of appellants' claims against Kindred.[8]

3. The docket control order was issued August 18, 2014.

4. Chapter 74 requires a healthcare liability claimant to serve at least one expert report on the defendant or defendant's attorney within 120 days after the defendant answers suit. Tex. Civ. Prac. & Rem. Code § 74.351.

5. The original expert reports were served on November 4, 2014. Kindred's objections and motion to dismiss were filed on December 1, 2014.

6. Appellants thereafter filed a motion for leave to designate expert witnesses past the March 30 deadline. The trial court denied the motion. Appellants also filed expert witness designations.

7. Appellants also filed a verified motion for continuance of trial and requested a new docket control order, which the trial court denied. In addition, appellants moved to reopen the evidence and requested again to be allowed to designate expert witnesses.

8. Kindred did not move for summary judgment on appellants' survival and wrongful death claims. Under both the wrongful death and survival statutes, the claimant must prove

Appellants filed a motion for new trial, which the trial court also denied.[9]

## Discussion

In one issue, appellants challenge the trial court's rendition of no-evidence summary judgment on the grounds that discovery was stayed under chapter 74 when Kindred filed its motion for summary judgment and chapter 74 superseded the deadlines for designating expert witnesses in the trial court's docket control order.[10]

We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A motion for summary judgment must specifically state the grounds on which a judgment is sought; we cannot sustain summary judgment on a ground not presented. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). In reviewing either a no-evidence or traditional summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.–Houston [14th Dist.] 2008, pet. denied).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. Tex. R. Civ. P. 166a(i). The non-movant is required to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Timpte Indus.*, 286 S.W.3d at 310.

Kindred moved for summary judgment on the sole ground that appellants did not designate expert witnesses by the trial court's deadline. Accordingly, we address only whether summary judgment was proper on that ground. *See McConnell*, 858 S.W.2d at 341.

### I. Was discovery stayed under chapter 74?

Appellants contend that they were not required to designate expert witnesses in compliance with the trial court's docket control order because discovery was stayed under chapter 74 when the deadline passed. Under chapter 74, *all* discovery is stayed in a case involving healthcare liability claims, except for limited exceptions not relevant here, until the claimant has served an expert report. Tex. Civ. Prac. &

---

a death and the occurrence of a wrongful act. *Carrera v. Yañez*, 491 S.W.3d 90, 95 (Tex. App.—San Antonio 2016, no pet.). Here, the wrongful acts alleged by appellants were negligence and gross negligence. *See id.* Accordingly, rendition of summary judgment on negligence and gross negligence encompassed the survival and wrongful death claims. *See id.*

9. A number of things occurred after the trial court granted final summary judgment. For example, Kindred filed its objections to appellants' amended expert report on May 28, ap-

pellants filed a first amended petition on May 30, and the trial court denied appellants' motion to reopen the evidence and designate expert witnesses on June 2.

10. Appellants also challenge the trial court's exclusion of their expert witness affidavits filed in response to the summary judgment motion. We do not reach this issue as we conclude that the trial court erred in granting no-evidence summary judgment on the ground that appellants had not designated expert witnesses.

Rem. Code § 74.351(a), (s). If an expert report has not been served by the deadline set forth in the statute, *see supra* n.4, the court, on motion, shall dismiss the claim and award attorney's fees to the movant. *Id.* § 74.351(b). If an expert report "has not been served ... because elements of the report are found deficient," the trial court may grant one thirty-day extension to the claimant to cure the deficiency. *Id.* § 74.351(c).

As discussed, the trial court found appellants' expert reports to be deficient and granted appellants a thirty-day extension to serve amended reports. Appellants argue that because they had not yet done so, discovery was stayed under chapter 74 when the trial court's expert witness designation deadline passed and Kindred filed its motion for summary judgment. We agree.

We have held that until an adequate expert report has been served, chapter 74 requires all discovery, other than enumerated exceptions not applicable here, to be stayed in the trial court. *In re Lumsden*, 291 S.W.3d 456, 460 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding) (citing Tex. Civ. Prac. & Rem. Code § 74.351(s) and *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008)). We further held that discovery is stayed until a "final judicial determination that an expert report is adequate." *Id.*

We conclude that discovery was stayed under chapter 74 when the trial court's expert witness designation deadline passed because the amended expert report had not yet been served and there had not yet

been a final judicial determination that the amended expert report was adequate.[11]

## II. Did the chapter 74 discovery stay supersede the trial court's docket control order?

█ Appellants also assert that the chapter 74 discovery stay superseded the deadlines for designating expert witnesses in the trial court's docket control order. *See* Tex. R. Civ. P. 190.4 (allowing trial court to create a discovery control plan setting deadlines for, among other things, designating expert witnesses). Chapter 74 controls over a conflict between chapter 74 and "another law, including a rule of procedure or evidence or court rule," other than certain exceptions not applicable here. Tex. Civ. Prac. & Rem. Code § 74.002. Thus, if there is a conflict between chapter 74 and a trial court's docket control order, chapter 74 controls. *See id.*

Docket control orders, also referred to as "discovery control plans," govern the way discovery is to "be conducted." Tex. R. Civ. P. 190.4. The trial court may "tailor[ them] to the circumstances of the specific suit" and, among other things, set deadlines for designating expert witnesses. *Id.* Here, discovery was stayed under chapter 74 when the trial court's deadline for designating expert witnesses passed.

Kindred argues the trial court's deadline for designating experts was not a discovery request and thus chapter 74 did not bar appellants from designating expert witnesses. However, docket control orders manage discovery. *See id.* ("The court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of

11. Kindred argues that appellants failed to preserve error on this argument by not raising it in their response to the motion for summary judgment. We disagree. In their response, appellants complained that the trial court had "yet to decide" whether their

amended expert report was adequate. Moreover, appellants raised the issue in their motion for new trial. The trial court signed an order denying the motion for new trial stating that the trial court had "heard" the motion.

the specific suit."). This includes setting deadlines for designating expert witnesses. *See id.* Accordingly, the trial court's discovery order setting deadlines for designating expert witnesses conflicted with the chapter 74 discovery stay.

We conclude that because the discovery stay was in effect when Kindred filed its motion for summary judgment and the stay superseded the trial court's expert witness designation deadline, the trial court erred in granting summary judgment on the sole ground raised in the motion for summary judgment: that appellants failed to designate experts before the trial court's deadline. Our holding is in keeping with the legislature's goal of placing strict limits on discovery in healthcare liability suits until a determination has been made as to the viability of the plaintiff's claims. *See Lumsden,* 291 S.W.3d at 460–61. These limits benefit both plaintiffs and defendants by decreasing the costs of healthcare liability suits until adequate expert reports have been served. *See id.* at 461.

### Conclusion

Adequate expert reports had not been served when Kindred filed its motion for summary judgment. *See id.* at 460. Accordingly, discovery was stayed under chapter 74. The trial court's discovery deadline for designating witnesses conflicted with the chapter 74 discovery stay. As a result, the trial court erred in granting summary judgment on the ground that appellant's deadline for designating expert witnesses had passed. We sustain appellant's sole issue on appeal.

We reverse the trial court's judgment and remand the cause for proceedings consistent with this court's opinion.