William J. Boyce, Justice
Appellee Wells Fargo Bank, N.A. sued appellant Gerald Godoy to collect a deficiency on a debt that Godoy guaranteed. Godoy moved for summary judgment on grounds that Wells Fargo's claims were *51 barred by a two-year statute of limitations applying to deficiency claims; Wells Fargo moved for partial summary judgment on grounds that Godoy contractually waived any limitations defense. The trial court denied Godoy's motion for summary judgment, granted Wells Fargo's motion as well as a subsequent motion for summary judgment on the deficiency claim, and signed a final judgment in favor of Wells Fargo.
At issue in this appeal is whether a general waiver of "any and all rights or defenses" that might be available to a guarantor is sufficient to waive application of a shortened statute of limitations applicable to deficiency actions. Because the Texas Supreme Court has determined that such a waiver applies to all defenses under the applicable statute, we affirm.
BACKGROUND
Wachovia Bank loaned $250,000 to GDG Mortgage, Inc. in 2005. The loan was evidenced by a promissory note and secured by a construction deed of trust on certain real property. Godoy guaranteed the promissory note.
GDG defaulted on the note, and Wells Fargo-Wachovia's successor by merger and holder of the note-foreclosed on the real property securing the note on November 1, 2011. Wells Fargo purchased the real property at the foreclosure sale with a bid that was insufficient to satisfy the outstanding balance on the promissory note, leaving a deficiency.
Wells Fargo sued Godoy to collect the deficiency on June 24, 2015-more than three years after the foreclosure sale. Godoy moved for summary judgment on the sole ground that Wells Fargo's claim was barred by a shortened two-year statute of limitations applicable to suits to collect deficiencies from guarantors. See Tex. Prop. Code Ann. § 51.003(a) (Vernon 2014). Wells Fargo moved for partial summary judgment on Godoy's limitations defense, asserting that Godoy specifically waived his limitations defense in the guaranty agreement. The trial court denied Godoy's motion for summary judgment and granted Wells Fargo's motion for partial summary judgment.
Wells Fargo then moved for final summary judgment on its deficiency claim seeking judgment for the outstanding balance as well as attorney's fees and costs. The trial court granted Wells Fargo's motion for summary judgment on its deficiency claim against Godoy and signed a final judgment.
STANDARD OF REVIEW
A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c) ; Browning v. Prostok , 165 S.W.3d 336, 344 (Tex. 2005). When both parties move for summary judgment and the trial court grants one motion but denies the other, we review the evidence produced by each party, determine de novo all questions presented, and render the judgment the trial court should have rendered. Colo. Cty. v. Staff , 510 S.W.3d 435, 444 (Tex. 2017) ; Moayedi v. Interstate 35/Chisam Rd., L.P. , 438 S.W.3d 1, 3-4 (Tex. 2014). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. Diversicare Gen. Partner, Inc. v. Rubio , 185 S.W.3d 842, 846 (Tex. 2005).
ANALYSIS
Godoy contends the trial court erred in denying his motion for summary judgment and in granting Wells Fargo's motions for summary judgment because a statute of limitations defense cannot be waived unless *52 the waiver is specific and for a pre-determined length of time. Godoy contends the general waiver in the guaranty agreement is void as against public policy because it is indefinite and would allow Wells Fargo to bring suit at any time, in perpetuity.
Wells Fargo points to Moayedi , 438 S.W.3d at 6-8, in which the Texas Supreme Court held that all defenses under Property Code section 51.003 may be waived. Wells Fargo contends this holding necessarily includes the two-year statute of limitations found in that section and asserted by Godoy as a bar to suit.
I. Scope of Waiver
Property Code section 51.003 -entitled "Deficiency Judgment"-provides that, if a deficiency remains after a nonjudicial foreclosure sale, any action to recover the deficiency must be brought within two years of the foreclosure sale. See Tex. Prop. Code Ann. § 51.003(a). A defendant in such an action may be entitled to an offset against the deficiency if the trial court determines that the fair market value of the property sold at foreclosure was greater than the foreclosure sales price. See ion index="7" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2051.003">id. § 51.003(c) (Vernon 2014).
Moayedi addressed whether a party waived the statutory right of offset under section 51.003(c) by agreeing to a general waiver of defenses in a guaranty agreement. See Moayedi , 438 S.W.3d at 2. The guaranty agreement in that case included the following general waiver of defenses:
Guarantor further agrees that this Guaranty shall not be discharged, impaired or affected by ... any defense (other than the full payment of the indebtedness hereby guaranteed in accordance with the terms hereof) that the Guarantor may or might have as to Guarantor's respective undertakings, liabilities and obligations hereunder, each and every such defense being hereby waived by the undersigned Guarantor.
Id. at 3.
The supreme court first examined section 51.003 and determined that "the statute provides an offset that otherwise would not be available. In other words, it provides a defense." Id. at 6. The court then determined that "Moayedi could waive section 51.003" so long as the waiver was clear and specific. See ids="6914993" index="11" url="https://cite.case.law/sw3d/438/1/#p3">id.
Rejecting Moayedi's argument that the general waiver in the guaranty agreement was not clear and specific, the court determined that a party's waiver of "any," "each," and "every" defense in a guaranty agreement "results in a broad waiver of all possible defenses." See ids="6914993" index="12" url="https://cite.case.law/sw3d/438/1/#p3">id. at 8. The court stated:
Just because the waiver is all encompassing does not mean that it is unclear or vague. To waive all possible defenses seems to very clearly indicate what defenses are included: all of them.
Id. Moayedi concluded that the guaranty's broad defense waiver "indicate[d] an intent that the guaranty would not be subject to any defense other than full payment." Id.
At issue here is whether, in light of Moayedi , Godoy waived the shortened two-year statute of limitations for deficiency actions contained within section 51.003(a).
The guaranty agreement at issue here provided in relevant part:
GUARANTOR'S WAIVERS. ...
... Guarantor also waives any and all rights or defenses arising by reason of (A) any "one action" or "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any *53 foreclosure action, either judicially or by exercise of a power of sale; ... (E) any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding indebtedness of Borrower to Lender which is not barred by any applicable statute of limitations; or (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness....
...
GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS. Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.
Wells Fargo contends that a party's broad waiver of all defenses in a guaranty agreement necessarily includes a defense based on any statute of limitations. It contends that, at the very least, the waivers at issue here are sufficient under Moayedi to waive the two-year statute of limitations contained in section 51.003(a). See ids="6914993" index="15" url="https://cite.case.law/sw3d/438/1/#p3">id. at 6-8.
We need not decide the correctness of Wells Fargo's general assertion that a party may waive any statute of limitations via the language contained in the guaranty agreement. We focus instead on the narrower and dispositive issue presented by this case and agree that the waiver at issue was sufficient to waive the shortened two-year statute of limitations contained in section 51.003(a).
Moayedi explicitly held that guaranty agreement language waiving "any," "each," or "every" defense "results in a broad waiver of all possible defenses " under section 51.003. See Moayedi , 438 S.W.3d at 8 (emphasis added). Since Moayedi was decided, the supreme court has referred to the right of offset under section 51.003 as "an affirmative defense to a deficiency claim." See PlainsCapital Bank v. Martin , 459 S.W.3d 550, 557 (Tex. 2015).
A statute of limitations also is an affirmative defense that a party may plead. See, e.g. , Epps v. Fowler , 351 S.W.3d 862, 869 n.8 (Tex. 2011) ("Limitations is an affirmative defense that must be pleaded and proven."); KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp. , 988 S.W.2d 746, 748 (Tex. 1999) ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense."). We see no reason to interpret the supreme court's holding that "all possible defenses" may be waived under section 51.003 to mean that a party may waive the affirmative defense of offset under section 51.003(c), but not the affirmative defense of limitations under section 51.003(a). See Moayedi , 438 S.W.3d at 6-8. Accordingly, we conclude that Godoy's broad waiver of all defenses available to guarantors under the anti-deficiency statute necessarily includes a defense based on 51.003(a)'s two-year statute of limitations. See Grace Interest, LLC v. Wallis State Bank , 431 S.W.3d 110, 118, 126-28 (Tex. App.-Houston [14th Dist.] 2013, pet. denied) (provision under which guarantor "expressly waives all rights, remedies, claims and defenses based upon or related to Sections 51.003, 51.004 and 51.005 of the Texas Property Code, to the extent the same pertain or may pertain to any enforcement of this Guaranty" was not void as against public policy and was sufficiently specific).
*54 II. Public Policy
Godoy contends on appeal that permitting a waiver of section 51.003(a) 's two-year statute of limitations contravenes public policy because a waiver of a statute of limitations is permissible only when the waiver is specific and limited to a reasonable time period. See Duncan v. Lisenby , 912 S.W.2d 857, 858-59 (Tex. App.-Houston [14th Dist.] 1995, no writ) ("Parties may agree to waive the statute of limitations before the statutory bar has fallen. A general agreement in advance to waive or not to plead the statute of limitations on a particular obligation is void as against public policy. The agreement must be specific and for a pre-determined length of time.") (citations omitted); Am. Alloy Steel, Inc. v. Armco, Inc. , 777 S.W.2d 173, 177 (Tex. App.-Houston [14th Dist.] 1989, no writ) (same). According to Godoy's appellate brief, "A general agreement in advance to waive or not plead the statute of limitations on a particular obligation is void as against public policy."
We need not address Godoy's contention that the waiver provision to which he agreed is void. This is so because he did not affirmatively plead this "matter constituting an avoidance or affirmative defense" in his answer as required under Texas Rule of Civil Procedure 94.
"An allegation that a provision in a contract is void, unenforceable, or unconscionable is a matter in the nature of avoidance and must be affirmatively pleaded." 950 Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship , 316 S.W.3d 191, 196 (Tex. App.-Houston [14th Dist.] 2010, no pet.) (citing Tex. R. Civ. P. 94 and Parks v. Developers Sur. and Indem. Co. , 302 S.W.3d 920, 924 (Tex. App.-Dallas 2010, no pet.) ). "If a party fails to plead the affirmative defense, it is waived." 950 Corbindale, L.P. , 316 S.W.3d at 196.
This panel is bound by 950 Corbindale, L.P. 's holding with respect to the necessity of affirmatively pleading under Rule 94 that a contract provision is void, unenforceable, or unconscionable. See Chase Home Finance, L.L.C. v. Cal W. Reconveyance Corp. , 309 S.W.3d 619, 630 (Tex. App.-Houston [14th Dist.] 2010, no pet.). In the absence of an affirmative pleading under Rule 94, the dissent's public policy discussion is unnecessary and unwarranted.
The dissent overreaches when it invokes Phillips v. Phillips , 820 S.W.2d 785, 789 (Tex. 1991), for the propositions that no affirmative pleading was necessary because (1) Wells Fargo pleaded an agreement that is illegal on its face and thereby anticipated Godoy's challenge to the guaranty agreement's waiver provision; and (2) courts will not enforce a plainly illegal contract even if the parties do not object.
In its first amended petition, Wells Fargo pleaded as follows: "Wells Fargo will further show that Defendant waived any limitations defense he may have had, as set forth in the Commercial Guaranty."
Under the Commercial Guaranty, Godoy waived "any and all rights or defenses arising by reason of ... any ... 'anti-deficiency' law ... which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor...."
Separately, Godoy waived "any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding indebtedness of Borrower to Lender which is not barred by any applicable statute of limitations...."
Godoy agreed in the Commercial Guaranty that, "under the circumstances, the waivers are reasonable and not contrary to public policy or law." He further agreed *55 that "[i]f any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy."
It is a significant stretch for the dissent to assume that a guaranty agreement containing a provision waiving all anti-deficiency defenses under section 51.003 is an illegal contract-and a still further stretch for the dissent to assume that such an agreement is "plainly illegal" or "illegal on its face" so as to dispense with Rule 94 pleading requirements. See Grace Interest, LLC , 431 S.W.3d at 118, 126-28 ; see also ids="6938968" index="30" url="https://cite.case.law/sw3d/431/110/#p118">id. at 128. ("Just as a waiver of the Texas Anti-Deficiency Statute does not violate public policy, there is also no requirement that the waiver be conspicuous.").
The difficulty of indulging the dissent's assumption is compounded because the contract provides that any limitations waiver "shall be effective only to the extent permitted by law or public policy." It follows that a narrower waiver of section 51.003(a) 's shortened limitations period does not demonstrate facial illegality of the guaranty agreement even if the agreement's separate waiver of other potentially applicable statutes of limitations is too open-ended. See Gupta v. E. Idaho Tumor Inst., Inc. , 140 S.W.3d 747, 752 (Tex. App.-Houston [14th Dist.] 2004, pet. denied) ("Where two constructions of a contract are possible, courts give preference to the construction that does not violate the law.") (citations omitted).
In the absence of section 51.003 's shortened two-year statute of limitations, the general four-year statute of limitations on suits to collect debts would apply. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (Vernon 2002); see also Sowell v. Int'l Interests, LP , 416 S.W.3d 593, 597-600 (Tex. App.-Houston [14th Dist.] 2013, pet. denied) (determining that both two-year and four-year statutes of limitations can apply to deficiency claims). Godoy did not plead any defense based on the four-year statute of limitations under section 16.004, nor did he present summary judgment evidence conclusively establishing that Wells Fargo's suit is barred by the four-year statute. See, e.g. , Diversicare Gen. Partner, Inc. , 185 S.W.3d at 846 ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action."). Accordingly, we need not determine whether summary judgment was proper in light of the four-year statute of limitations, or whether that statute of limitations could be waived through the general waiver in the guaranty agreement.[1]
*56 The dissent overreaches again when it invokes trial by consent to argue waiver and excuse Godoy's failure to plead affirmatively that the Commercial Guaranty's waiver provisions are void, unenforceable, or unconscionable.
No waiver occurred here because (1) Wells Fargo raised the pleading defect in its response to Godoy's motion for new trial, in which he again asserted the same public policy arguments with respect to limitations; and (2) the trial court affirmatively recited that it "heard and considered Defendant's Motion for New Trial [and] Wells Fargo's response" in its order denying the motion. See Harvey v. Kindred Healthcare Operating, Inc. , 525 S.W.3d 281, 285 n.11 (Tex. App.-Houston [14th Dist.] 2017, no pet.) (rejecting argument that contention omitted from summary judgment response had been waived because contention was raised in motion for new trial and trial court affirmatively indicated that it had been considered in denying the motion for new trial); cf. Auten v. DJ Clark, Inc. , 209 S.W.3d 695, 702 (Tex. App.-Houston [14th Dist.] 2006, no pet.) ("[T]he trial court affirmatively indicated that it considered the affidavit attached to the motion for new trial although it denied the motion, effectively reaffirming its earlier ruling. Accordingly, we may consider the affidavit.").
CONCLUSION
Having concluded that Godoy waived a defense based on section 51.003(a) 's two-year statute of limitations, we further conclude that the trial court properly denied Godoy's motion for summary judgment premised solely on that defense. The trial court also acted correctly in granting Wells Fargo's motion for partial summary judgment on Godoy's two-year statute of limitations defense. Godoy has not challenged the trial court's grant of final summary judgment on any other grounds. Accordingly, we overrule Godoy's sole issue.
Having overruled Godoy's sole issue, we affirm the trial court's judgment.
( Frost, C.J., dissenting).
Kem Thompson Frost, Chief Justice, dissenting.
More than seven decades ago in Simpson v. McDonald , the Supreme Court of Texas announced that an agreement made in advance to completely waive the statute of limitations is void as against Texas public policy.[1] For many years, intermediate courts of appeals, including this one, have followed this binding precedent.[2] In response to appellee Wells Fargo Bank, N.A.'s summary-judgment motion, appellant Gerald Godoy, citing this line of cases, asserted that the guaranty agreement is void as against public policy to the extent the parties agreed to a complete waiver of the statute of limitations. On appeal from the trial court's summary judgment in favor of the bank, Godoy again argues that the waiver of the statute of limitations in the guaranty agreement is void as against public policy under this line of cases.
*57 The majority concludes that the language in the guaranty agreement suffices to completely waive the statute of limitations in Property Code section 51.003(a) and that this waiver does not violate public policy.[3] The Supreme Court of Texas has not abrogated its Simpson precedent or stated that an agreement made in advance to completely waive the statute of limitations does not violate Texas public policy. The Texas Legislature has not enacted a statute commanding Texas courts to enforce such agreements nor has the Texas Legislature otherwise superseded the Simpson precedent. Though the majority relies on the supreme court's opinion in Moayedi v. Interstate 35/Chisam Road, L.P.[4] and this court's opinion in Grace Interest, LLC v. Wallis State Bank ,[5] neither of these cases support the notion that the Simpson precedent is no longer binding.[6] This court lacks the power to abrogate high-court precedent.[7] We are duty-bound to follow Simpson.
The majority also concludes that Godoy waived his void-as-against-public-policy defense by failing to plead it.[8] Under binding precedent, Godoy did not have to plead this defense.[9] Even if he did have to plead it, Wells Fargo waived the complaint when the parties tried the issue by consent.[10]
This court should apply the Simpson precedent and reverse the trial court's summary judgment enforcing a waiver of the statute of limitations that violates public policy. Because the court fails to do so, I respectfully dissent.
The Moayedi court did not abrogate the Simpson precedent.
In the guaranty agreement, Godoy waived "any and all rights or defenses arising by reason of (A) any "one action" or "anti-deficiency" law ... (E) any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding indebtedness of Borrower to Lender which is not barred by any applicable statute of limitations...." The majority concludes that Godoy completely waived[11] the statute of limitations in Property Code section 51.003(a) under subsection (A) of this provision.[12] The majority states that in *58 Moayedi , the Supreme Court of Texas "explicitly held that guaranty agreement language waiving 'any,' 'each,' or 'every' defense 'results in a broad waiver of all possible defenses under section 51.003."[13] Based on this reading, the majority concludes that this waiver is not void as against public policy.[14] Because Moayedi does not address the void-as-against-public policy issue, this court should apply the Simpson precedent and hold that the guaranty agreement is void as against public policy to the extent it contains a waiver of the statute of limitations in Texas Property Code section 51.003.[15]
Moayedi does not govern today's case. In Moayedi , a guarantor sought to avoid liability by asking the court to apply an offset under Texas Property Code section 51.003(c) ; no party raised any issue regarding the statute of limitations.[16] The intermediate appellate court held that the guarantor waived the right to ask for an offset under section 51.003 because the guarantor signed an agreement that contained a general-waiver provision.[17] Before the Supreme Court of Texas, the guarantor argued that (1) he could not have waived his right to offset knowingly and intentionally because the general-waiver provision lacked specificity and (2) the general-waiver provision did not cover the offset provision under section 51.003(c) because that provision is not a defense.[18] The high court concluded that the right of offset was a defense covered by the general-waiver provision and that the provision waived the statutory defense of offset even though it contained general language.[19] The guarantor in Moayedi did not argue *59 that the waiver provision was void as against public policy to the extent that it covered the statutory-offset right, and the Moayedi court did not address whether the waiver provision was void as against public policy under Texas common-law precedent.[20]
Although no party in Moayedi asserted that the provision could not be waived, before addressing whether the general-waiver provision waived the right of offset, the Moayedi court addressed whether a guarantor may waive " section 51.003."[21] The high court stated: "Whether [the guarantor] can waive section 51.003 is not disputed by the parties. And although this court has not addressed whether section 51.003 may be waived, other courts have consistently held so. We agree."[22]
A careful read of Moayedi reveals that the supreme court's conclusion in dicta that a party may waive " section 51.003" does not address whether a party's waiver of the statute of limitations in section 51.003(a) is void as against public policy.[23]
First, the cases with which the Moayedi court agreed- LaSalle Bank National Association v. Sleutel[24] and Segal v. Emmes Capital, L.L.C.[25] -relate only to the offset provision in section 51.003(c) and do not address the statute of limitations in section 51.003(a). In LaSalle , the Fifth Circuit addressed whether the Texas Legislature intended to allow parties to waive section 51.003(c) 's right of offset[26] and concluded that because the statute did not contain a provision prohibiting waiver, the Legislature did not insulate the right of offset under section 51.003(c) from waiver.[27] The Fifth Circuit rejected an argument that allowing waiver would frustrate the public-policy goals the Legislature sought to further in enacting section 51.003, concluding that the Legislature did not express any intent to shield the section from waiver for public-policy reasons.[28] In LaSalle the parties did not raise, and the court did not decide, whether an agreement waiving the offset right would be void as against public policy under the common law.[29]
Though the Segal court did conclude that an agreement waiving the offset right in 51.003(c) was not void as against public policy, in doing so the court noted that the appellants had cited no cases holding that such a waiver is void as against public policy, and the Segal court could not find any such cases.[30] In addition, the Segal court noted and approved of the Simpson line of cases holding that complete-waiver-of-statute-of-limitations agreements are void as against public policy, but the Segal court concluded that the analysis as to whether a waiver of the offset right in section 51.003(c) was void as against public policy was materially different.[31] The Segal court embraced the Simpson line of cases but reasoned that concluding that a waiver of section 51.003(c) was not void as against public policy did not conflict with the *60 Simpson line of cases.[32] The Segal court addressed only section 51.003(c) and concluded that a waiver of the right under that provision is not void as against public policy even though a complete waiver of a statute of limitations is void as against public policy.[33] Thus, the Moayedi court's agreement with the analysis in Segal confirms that the Moayedi court's reference to " section 51.003" did not include the statute of limitations in section 51.003(a) and that the Moayedi court did not intend to abrogate Simpson and its progeny.[34] The supreme court's reasoning in Moayedi mirrors the Fifth Circuit's statutory-interpretation analysis in LaSalle .[35] The Moayedi court did not say whether waiver of any provision within section 51.003 could be void as against public policy.[36] Nor has the supreme court cited Moayedi as holding that a waiver of a right under section 51.003 is not void as against public policy.
In addition, the Moayedi court stated that it had not yet addressed whether section 15.003 could be waived.[37] But, in Simpson v. McDonald -decided seven decades earlier-the high court held that agreements in advance to waive a statute of limitations altogether-which would include the statute of limitations in section 15.003(a)-are void as against Texas public policy.[38] Because the high court already had held that a waiver of the statute of limitations is void as against public policy, the Moayedi court's statement that it had not yet addressed whether section 15.003 could be waived confirms that the Moayedi court did not intend to address whether an agreement to completely waive the statute of limitations under section 15.003(a) is void as against public policy.[39]
Furthermore, the Moayedi court's statements are not necessary to the court's holding, and the court did not speak after considering whether an agreement to completely waive the statute of limitations under section 15.003(a) is void as against public policy.[40] The Moayedi court did not deliberately abrogate the Simpson precedent as to section 15.003(a) or deliberately determine that an agreement to completely waive section 15.003(a) is not void.[41] Thus, as to the issue before this court today, these statements by the Moayedi court are nonbinding obiter dicta and not binding judicial dicta.[42]
A higher court's holdings and judicial dicta remain binding precedent on lower courts until the higher court sees fit to reconsider them, even if later cases have raised doubts about their continuing vitality.[43] Generally, the Supreme Court of Texas adheres to its precedents for reasons of efficiency, fairness, and legitimacy.[44] If the *61 high court did not follow its own decisions, no issue ever could be considered resolved.[45] The doctrine of stare decisis is a sound policy, and before abrogating a prior precedent, the high court gives due consideration to the settled expectations of litigants who justifiably have relied on the principles articulated in in that precedent.[46] Litigants have been relying on the Simpson precedent for more than seventy years, and this court should not conclude that the Moayedi court abrogated Simpson absent compelling evidence in the text of the Moayedi opinion that the high court intended to step away from this longstanding precedent.[47] Nothing on the face of the Moayedi opinion suggests the supreme court was undertaking to abrogate its established precedent or make a sweeping change in Texas jurisprudence.[48]
The Simpson precedent reflects the majority position nationwide.[49] The Appellate Court of Connecticut has explained that the majority view fosters "the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty," "promotes repose by giving stability and security to human affairs" and avoids the difficulty older lawsuits bring in "proof and record keeping."[50] These salutary benefits also undergird Texas public policy. The Connecticut court concluded that a statute-of-limitations defense expresses a societal interest of giving repose to human affairs and involves a combination of private and public interests.[51] A complete waiver of a statute of limitations adversely affects third-party rights that depend on the resolution of the claims that may be brought at any time in perpetuity if no statute of limitations applies.[52]
The Moayedi court did not abrogate the Simpson precedent. Instead of yielding to the tug of the obiter dicta in Moayedi , this court should anchor its holding on the supreme court's decades-old precedent in Simpson.
Grace Interest does not abrogate or conflict with Simpson.
The majority relies upon this court's opinion in Grace Interest, LLC v. Wallis State Bank as support for its conclusion that "[t]he guaranty agreement is not illegal on its face because ... its express waiver of all section 51.003 defenses 'does not violate public policy.' "[53] The majority also cites Grace Interest for the proposition that a provision under which a guarantor waives all defenses based upon section 51.003 is not void as against public policy.[54] The Grace Interest court cited Segal ,[55] LaSalle ,[56] and the court-of-appeals opinion in Moayedi[57] and held that a waiver *62 of the offset provision in section 51.003(c) did not violate public policy.[58] No party asserted a statute-of-limitations defense in the Grace Interest case.[59] Because the statements the majority cites from Grace Interest were not necessary to the court's holding, they are nonbinding obiter dicta.[60] Breath spent repeating an obiter dictum does not infuse it with life.[61]
The majority presents a bouquet of obiter dicta from section 51.003(c) cases and not a single holding from a statute-of-limitations case or one interpreting section 51.003(a). The majority's repetition of obiter dicta indicating that a waiver of section 51.003(a) does not violate public policy neither gives precedential force to the obiter dicta nor removes our obligation to follow the binding precedent in Simpson .[62]
Even if the Grace Interest court's statements were holdings, the Grace Interest court did not purport to construe, apply, or distinguish Simpson , so this panel would be bound to follow Simpson rather than Grace Interest.[63] As an intermediate court, our role is to apply supreme-court precedent, not to abrogate or modify it.[64]
Godoy did not have to plead his void-as-against-public-policy defense.
In addition to concluding that the waiver of section 51.003(a) in the guaranty agreement does not violate public policy, the majority concludes that Godoy waived his void-as-against-public-policy defense by failing to plead it.[65] In its summary-judgment motion Wells Fargo asserted that Godoy agreed in advance to waive the statute of limitations that Godoy asserted against Wells Fargo's claim. In his response, Godoy argued that the guaranty agreement is void as against public policy to the extent it contains an agreement-made in advance-to generally waive the statute of limitations (the "Public Policy Argument"). Though Godoy raised this issue in his summary-judgment response, he did not plead it in his answer. The majority concludes that Texas procedure required Godoy to affirmatively plead the Public Policy Argument in his answer.[66]
A defendant's assertion that part of an agreement is void because it violates public policy ordinarily would be a matter constituting an avoidance or affirmative defense that the defendant would have to plead in the answer.[67] But, a defendant need not plead that part of an agreement is void as against public policy if the defense is apparent on the face of the petition and established as a matter of law (the "Facial Exception").[68] The Public Policy Argument falls within the Facial Exception.
*63 As a matter of law in Texas, an agreement made in advance to completely waive the statute of limitations is void as against Texas public policy.[69] In its live petition, Wells Fargo expressly asserted that Godoy waived any statute-of-limitations defense he may have had to the enforcement of the guaranty agreement, as set forth in the guaranty agreement itself, which Wells Fargo attached to and made a part of its petition. Under the guaranty agreement's unambiguous language, as reflected on the face of the petition-in subsection (E) of the agreement-Godoy agreed in advance to completely waive the statute of limitations.[70] Because the void-as-against-public-policy defense appears on the face of the petition and is established as a matter of law, Godoy satisfied the Facial Exception under the Supreme Court of Texas's precedent in Phillips v. Phillips.[71] So, Godoy did not have to plead this defense in his answer.
The majority says that this dissent "invokes Phillips v. Phillips for the propositions that no affirmative pleading was necessary because (1) Wells Fargo pleaded an agreement that is illegal on its face and thereby anticipated Godoy's challenge to the guaranty agreement's waiver provision; and (2) courts will not enforce a plainly illegal contract even if the parties do not object."[72] Rather than invoke this high-court precedent for these two propositions, this dissent invokes Phillips v. Phillips for the Facial Exception-the rule that a defendant need not plead that part of an agreement is void as against public policy if the defense is apparent on the face of the petition and established as a matter of law.[73] The presence of the two noted propositions in the Phillips opinion does not limit the application of that case to situations in which the entire agreement is illegal.[74] The Phillips court cited these two principles as rationales that support the Phillips court's conclusion that the defendant in that case did not need to plead that a liquidated-damages provision was a penalty because that defense was apparent on the face of the petition and established as a matter of law.[75]
In Phillips , the defendant asserted that a liquidated-damages provision in a partnership agreement was an unenforceable penalty; the defendant did not assert that the entire agreement was void, unenforceable, illegal, or against public policy.[76] The Phillips court concluded that under a line of high-court authority, there was an exception to Texas Rule of Civil Procedure 94 under which a defendant need not plead the affirmative defense of illegality if the illegal nature of the document is apparent from the plaintiff's pleadings.[77] The Phillips court extended this exception by holding that a defendant need not plead that a liquidated-damages provision is a penalty if this defense is apparent from the face of the plaintiff's petition and is established as a matter of law.[78] The Phillips court reasoned that a defendant need not plead *64 penalty under such circumstances, just as a defendant need not plead illegality under such circumstances, because enforcement of a penalty violates public policy just as enforcement of an illegal contract violates public policy.[79] Thus, under Phillips , a defendant need not plead that part of an agreement is void as against public policy if the defense is apparent on the face of the petition and established as a matter of law.[80]
The majority also indicates that the Facial Exception applies only if the defense would void the entire agreement.[81] The majority suggests that, because the guaranty agreement contains a savings clause, Godoy's defense, even if meritorious, would not void the entire guaranty agreement, and therefore the Facial Exception does not apply.[82] But, the affirmative defense in Phillips was that only one provision of the partnership agreement violated public policy and was an unenforceable penalty.[83] The defense in Phillips did not void the entire partnership agreement; rather, the plaintiff in Phillips recovered a judgment against the defendant based on her actual damages resulting from the defendant's breach of the partnership agreement, even though the agreement's liquidated-damages provision was an unenforceable penalty that violated public policy.[84]
The majority also indicates that even if the waiver of the statute of limitations in the guaranty agreement violated public policy, the void-as-against-public-policy defense does not appear on the face of the petition because, according to the majority, the guaranty agreement would not be void in whole or in part based on its savings clause.[85] Under this clause, if the waiver of the statute of limitations in the guaranty agreement "is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy." By the guaranty agreement's unambiguous language, Godoy agreed in advance to a complete waiver of the statute of limitations in section 51.003(a), and he also agreed that, if a court were to determine that this waiver is void as against public policy, then the waiver would not be given effect. So, Godoy agreed to the waiver and also agreed that the waiver would cease to be effective once a court determined that the waiver violated public policy. Yet, the waiver of limitations violated public policy from the moment Godoy signed the guaranty agreement.[86] Thus, when Wells Fargo filed its live pleading and attached the guaranty agreement, the waiver violated public policy and the savings clause had not been triggered. Indeed, even today, the savings clause has yet to be triggered because the trial court and this court have rejected the Public Policy Argument.
Under the guaranty agreement's plain text, the presence of the savings clause does not preclude the void-as-against-public-policy defense from appearing on the face of the petition or from being established as a matter of law. From the outset, the complete waiver of the statute of limitations has violated public policy and made part of the guaranty agreement (subsection (E)) void, notwithstanding Godoy's agreement that the waiver would be ineffective *65 if a court were to find that it violated public policy.
Instead of applying the high-court precedent in Phillips and recognizing that today's case falls within the Facial Exception, the majority relies upon this court's opinion in 950 Corbindale, L.P. as support for the notion that Godoy was required to affirmatively plead the Public Policy Argument in his answer.[87] In that case, this court held that a party waived its argument-that the arbitration agreements were unconscionable because they caused a waiver of rights and remedies-by failing to assert the argument in the trial court.[88] Unlike today's case, 950 Corbindale, L.P. did not involve a void-as-against-public-policy defense, and the statements the majority cites are non-binding obiter dicta.[89] The 950 Corbindale precedent is not on point and does not mandate the conclusion that Godoy had to plead the Public Policy Argument in his answer.[90] Even if 950 Corbindale were on point and contrary to Phillips , the 950 Corbindale court does not purport to construe, apply, or distinguish Phillips , so this court would be bound to follow Phillips and apply the Facial Exception rather than 950 Corbindale.[91]
Because Godoy did not have to plead the Public Policy Argument, he did not waive this defense by failing to plead it.[92]
Wells Fargo tried the void-as-against-public-policy defense by consent.
Even if the Public Policy Argument did not fall within the Facial Exception and the pleading rules required Godoy to plead the Public Policy Argument in his answer, his failure to do so would waive the defense only if, before the trial court rendered judgment, Wells Fargo objected to Godoy's assertion of this defense in the absence of any pleading to support it.[93] Wells Fargo did not voice this objection in the trial court. So, Wells Fargo tried the defense by consent. Godoy did not waive this defense.[94]
The majority concludes that Wells Fargo did not try the void-as-against-public-policy defense by consent because Wells Fargo raised Godoy's failure to plead this defense in its response to Godoy's motion *66 for new trial.[95] But, in the motion-for-new-trial response Wells Fargo did not object to Godoy's assertion of this defense during the summary-judgment proceedings on the basis that Godoy had no pleading to support the defense. Instead, Wells Fargo asserted that Godoy was not entitled to a new trial based on this defense because Godoy waived the defense by not pleading it in his answer and by not asserting it in his summary-judgment response.[96] Therefore, Wells Fargo's motion-for-new-trial response did not contain an objection that Godoy was relying on a summary-judgment argument without a pleading required to support that argument.[97]
In addition, even if Wells Fargo had complained in its motion-for-new-trial response that Godoy was asserting this defense in the summary-judgment proceedings without any pleading to support the defense, this complaint would have been untimely and incompetent to avoid trial by consent, given that Wells Fargo filed this response after the trial court granted summary judgment, rejected Godoy's Public Policy Argument, and rendered a final judgment.[98]
The majority also relies upon 950 Corbindale, L.P. as support for its conclusion that by failing to plead the Public Policy Argument, Godoy waived the defense even without an objection from Wells Fargo.[99] In 950 Corbindale, L.P. , this court held that a party waived its argument that the arbitration agreements caused a waiver of rights and remedies and thus were unconscionable when the party failed to raise this argument at any point in the trial court.[100] In today's case, Godoy raised the defense in response to Wells Fargo's summary-judgment motion. Unlike today's case, 950 Corbindale, L.P. did not involve a void-as-against-public-policy defense. The statements in 950 Corbindale, L.P. on which the majority relies are not necessary to the court's holding, so they are nonbinding obiter dicta.[101] And, the obiter dicta from 950 Corbindale, L.P. are not on point.[102] Nor do they compel the conclusion that Godoy would waive the Public Policy Argument by failing to plead it in his answer, even with no objection by Wells Fargo.[103]
*67 This court should reverse, not affirm.
The majority errs in concluding that the provision in the guaranty agreement completely waiving the statute of limitations in section 51.003(a) does not violate public policy. Established precedent from the Supreme Court of Texas says that it does. Godoy did not have to plead the Public Policy Argument in his answer because the Facial Exception relieved him of complying with that requirement. Even if a pleading were required, Wells Fargo tried the issue by consent because Wells Fargo did not object before rendition of judgment that Godoy was asserting this defense in the absence of any pleading to support it. Godoy did not waive this defense, and he preserved error in the trial court by raising the defense in his summary-judgment response.
In the course of explaining its rejection of the Public Policy Argument, the majority creates a lack of uniformity in this court's decisions.[104] Instead of rejecting the Public Policy Argument, this court should sustain Godoy's sole appellate issue, reverse the trial court's judgment, and remand for further proceedings.

The dissent heads down a rabbit trail by discussing whether an affirmative pleading is required when illegality is claimed only as to one provision of a contract-as opposed to a different circumstance in which the entire contract is claimed to be illegal. Any such distinction is irrelevant here because the guaranty agreement at issue is not illegal on its face-in whole or in part. The guaranty agreement is not illegal on its face because (1) its express waiver of all section 51.003 defenses "does not violate public policy," see Grace Interest, LLC , 431 S.W.3d at 128 ; and (2) the guaranty agreement expressly says the separate provision addressing waiver of other potentially applicable limitations periods "shall be effective only to the extent permitted by law or public policy." If the guaranty agreement's separate, open-ended waiver of any other limitations period outside of section 51.003 is not enforceable as the dissent contends, then the guaranty agreement on its face says this separate waiver is not effective. If the guaranty expressly provides that the open-ended waiver of any other limitations period is not effective, then the guaranty agreement is not illegal on its face-in whole or in part. And if the guaranty agreement is not illegal on its face even in part, then the dissent's posited distinction makes no difference to the resolution of this appeal.

See Simpson v. McDonald , 142 Tex. 444, 179 S.W.2d 239, 242-43 (1944).

See Segal v. Emmes Capital, L.L.C., 155 S.W.3d 267, 281 (Tex. App.-Houston [1st Dist.] 2004, pet. dismissed) ; Duncan v. Lisenby , 912 S.W.2d 857, 858-59 (Tex. App.-Houston [14th Dist.] 1995, no writ) ; Am. Alloy Steel, Inc. v. Armco, Inc. , 777 S.W.2d 173, 177 (Tex. App.-Houston [14th Dist.] 1989, no writ) ; Squyres v. Christian , 253 S.W.2d 470, 472 (Tex. Civ. App.-Fort Worth 1952, writ ref'd n.r.e.) ; see also Lett v. Crown Cork & Seal Co. , No. 3:14-CV-860-B, 2015 WL 505426, at *3, n. 2 (N.D. Tex. Feb. 5, 2015) (concluding that under Texas law a general agreement in advance to waive the statute of limitations completely is void as against public policy).

See ante at 51-54, 55, n.1.

See Moayedi v. Interstate 35/Chisam Road, L.P. , 438 S.W.3d 1, 1-8 (Tex. 2014).

See Grace Interest, LLC v. Wallis State Bank , 431 S.W.3d 110, 126-27 (Tex. App.-Houston [14th Dist.] 2013, pet. denied).

See Moayedi , 438 S.W.3d at 1-8 ; Grace Interest, LLC , 431 S.W.3d at 126-27.

See Lubbock Cty., Texas v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) ; Auz v. Cisneros , 477 S.W.3d 355, 360 (Tex. App.-Houston [14th Dist.] 2015, no pet.).

See ante at 53-56.

See Phillips v. Phillips , 820 S.W.2d 785, 789-90 (Tex. 1991).

See Via Net v. TIG Ins. Co. , 211 S.W.3d 310, 313 (Tex. 2006) (per curiam); Roark v. Stallworth Oil & Gas, Inc. , 813 S.W.2d 492, 495 (Tex. 1991) ; Danford Maint. Serv., Inc. v. Dow Chemical Co. , No. 14-12-00507-CV, 2013 WL 6388381, at *9 (Tex. App.-Houston [14th Dist.] Nov. 21, 2013, pet. denied) (mem. op.).

In this opinion, the terms "complete waiver" or "completely waive" refer to a waiver under which no statute of limitations applies to the covered claims at all, thus allowing the claimant to sue at any time in the future, as opposed to a partial waiver extending the statute of limitations for a specific and reasonable period of time. See Am. Alloy Steel, Inc. , 777 S.W.2d at 177.

See ante at 51-54. In concluding that Godoy waived Property Code section 51.003(a) under subsection (A) of this provision, the majority fails to follow binding precedent under which this court must examine and consider the entire guaranty agreement in an effort to harmonize and give effect to all its provisions so that none are rendered meaningless. See Exxon Corp. v. Emerald Oil & Gas Co. , 348 S.W.3d 194, 214-15 (Tex. 2011) ; Wolf Hollow I, LP v. El Paso Mktg., LP , 472 S.W.3d 325, 336-37 (Tex. App.-Houston [14th Dist.] 2015, pet. denied) ; Wolf Hollow I, LP v. El Paso Mktg., LP , 329 S.W.3d 628, 636 (Tex. App.-Houston [14th Dist.] 2010), rev'd & remanded on other grounds by , 383 S.W.3d 138 (Tex. 2012). Under subsection (E), Godoy waives section 51.003(a) only if at the time the Lender sues Godoy, there is outstanding indebtedness of the borrower to the Lender which is not barred by any statute of limitations. If subsection (A) includes a waiver of section 51.003(a), then Godoy would completely waive section 51.003(a) even if there were no outstanding indebtedness of the borrower to the Lender not barred by limitations when the Lender sues Godoy, thus rendering the limitation in subsection (E) meaningless. The specific provision in subsection (E) should govern over the general provision in subsection (A), and this court should conclude that Godoy waived section 51.003(a) only under subsection (E) and only if there were outstanding indebtedness of the borrower to the Lender not barred by limitations when Wells Fargo sued Godoy. See Exxon Corp., 348 S.W.3d at 214-15 ; Wolf Hollow I, LP , 472 S.W.3d at 336-37 ; Wolf Hollow I, LP , 329 S.W.3d at 640-42.

Ante at 53 (quoting Moayedi v. Interstate 35/Chisam Road, L.P. , 438 S.W.3d 1, 8 (Tex. 2014)) (emphasis in original).

See ante at 51-54, 55, n.1. The majority also concludes that Godoy waived his void-as-against-public-policy argument and that the majority need not address Godoy's argument that the waiver provision is void. See ante at 53-56. Yet, the majority also determines that "[t]he guaranty agreement is not illegal on its face because ... its express waiver of all section 51.003 defenses 'does not violate public policy.' " Ante at 55, n.1. The majority also cites Grace Interest, LLC v. Wallis State Bank for the proposition that a provision under which a guarantor waives all defenses based upon section 51.003 is not void as against public policy. See ante at 53-54.

See Moayedi , 438 S.W.3d at 4-8 ; Simpson , 179 S.W.2d at 242-43.

See Moayedi , 438 S.W.3d at 2-3.

See ids="6914993" index="67" url="https://cite.case.law/sw3d/438/1/#p3">id. at 3.

See ids="1564085" index="68" url="https://cite.case.law/us/515/291/#p300">id.

See ids="6914993" index="69" url="https://cite.case.law/sw3d/438/1/#p3">id. at 5-8.

See ids="6914993" index="70" url="https://cite.case.law/sw3d/438/1/#p3">id. at 1-8.

See id. at 6.

Id. (footnotes omitted).

See ids="6914993" index="73" url="https://cite.case.law/sw3d/438/1/#p3">id. at 1-8.

289 F.3d 837, 842 (5th Cir. 2002).

155 S.W.3d at 278.

See LaSalle , 289 F.3d at 839.

See ids="9435832" index="77" url="https://cite.case.law/f3d/289/837/#p842">id. at 841.

See id.

See ids="9435832" index="79" url="https://cite.case.law/f3d/289/837/#p842">id. at 839-41.

See Segal , 155 S.W.3d at 278-81.

See ids="9023006" index="81" url="https://cite.case.law/sw3d/155/267/#p281">id. at 280-81.

See ids="1564085" index="82" url="https://cite.case.law/us/515/291/#p300">id.

See ids="9023006" index="83" url="https://cite.case.law/sw3d/155/267/#p281">id. at 278-81.

See ids="1564085" index="84" url="https://cite.case.law/us/515/291/#p300">id.

Compare Moayedi , 438 S.W.3d at 6with LaSalle , 289 F.3d at 840-41.

See Moayedi , 438 S.W.3d at 4-8.

See Moayedi , 438 S.W.3d at 6.

See Simpson , 179 S.W.2d at 243.

See Moayedi , 438 S.W.3d at 6.

See ids="6914993" index="90" url="https://cite.case.law/sw3d/438/1/#p3">id. at 4-8.

See ids="1564085" index="91" url="https://cite.case.law/us/515/291/#p300">id.

See State v. PR Investments , 180 S.W.3d 654, 667 n. 13 (Tex. App.-Houston [14th Dist.] 2005) (en banc), aff'd, 251 S.W.3d 472 (Tex. 2008) ; Edwards v. Kaye , 9 S.W.3d 310, 314 (Tex. App.-Houston [14th Dist.] 1999, pet. denied).

See Bosse v. Oklahoma , --- U.S. ----, 137 S.Ct. 1, 2, 196 L.Ed.2d 1 (2016).

Weiner v. Wasson , 900 S.W.2d 316, 320 (Tex. 1995).

Id.

Id.

See ids="1564085" index="100" url="https://cite.case.law/us/515/291/#p300">id. ; see also Quill Corp. v. North Dakota , 504 U.S. 298, 321, 112 S.Ct. 1904, 1916, 119 L.Ed.2d 91 (1992) (J. Scalia, concurring) ("[R]eliance on a square, unabandoned holding of the Supreme Court is always justifiable reliance....").

See Moayedi , 438 S.W.3d at 4-8.

See Haggerty v. Williams , 84 Conn.App. 675, 855 A.2d 264, 268 (2004).

See id. at 268.

See itation case-ids="1564085" index="108" url="https://cite.case.law/us/515/291/#p300">id.

See ids="1564085" index="109" url="https://cite.case.law/us/515/291/#p300">id.

Ante at 55, n.1.

See ante at 53-54.

See Segal, 155 S.W.3d at 279-81.

See LaSalle , 289 F.3d 837, 842 (5th Cir. 2002).

See Moayedi v. Interstate 35/Chisam Road, L.P. , 377 S.W.3d 791, 801 (Tex. App.-Dallas 2012), aff'd , 438 S.W.3d 1 (Tex. 2014).

See Grace Interest, LLC , 431 S.W.3d at 126-27.

See id. at 118-20, 128.

See Edwards, 9 S.W.3d at 314.

See Metro. Stevedore Co. v. Rambo , 515 U.S. 291, 300, 115 S.Ct. 2144, 2149, 132 L.Ed.2d 226 (1995).

See ids="1564085" index="120" url="https://cite.case.law/us/515/291/#p300">id. ; Air Routing Intern. Corp. v. Britannia Airways, Ltd. , 150 S.W.3d 682, 692-93 (Tex. App.-Houston [14th Dist.] 2004, no pet.).

See Glassman v. Goodfriend , 347 S.W.3d 772, 781 (Tex. App.-Houston [14th Dist.] 2011, pet. denied) (en banc) (explaining that a panel of this court is not bound by a prior holding of another panel of this court if the prior holding conflicts with a decision from a higher court that is on point).

See Lubbock Cnty., Texas , 80 S.W.3d at 585 ; Auz , 477 S.W.3d at 360.

See ante at 53-56.

See id.

See Tex. R. Civ. P. 94 ; Phillips v. Phillips , 820 S.W.2d 785, 789 (Tex. 1991).

See Phillips , 820 S.W.2d at 789.

See Simpson , 179 S.W.2d at 242-43.

See ids="1564085" index="129" url="https://cite.case.law/us/515/291/#p300">id. This point is also addressed in footnote 12 of this opinion.

See Phillips , 820 S.W.2d at 789-90.

Ante at 54.

See Phillips , 820 S.W.2d at 789.

See ids="9987885" index="132" url="https://cite.case.law/sw2d/820/785/#p789">id. at 789-90.

See id. at 789 (stating "[t]wo principles support this exception to the general rule that affirmative defenses are waived if not pleaded.")

See ids="9987885" index="134" url="https://cite.case.law/sw2d/820/785/#p789">id. at 787-89.

See ids="9987885" index="135" url="https://cite.case.law/sw2d/820/785/#p789">id. at 789.

See ids="1564085" index="136" url="https://cite.case.law/us/515/291/#p300">id.

See ids="9987885" index="137" url="https://cite.case.law/sw2d/820/785/#p789">id. at 789-90.

See ids="1564085" index="138" url="https://cite.case.law/us/515/291/#p300">id.

See ante at 54-55.

See ids="1564085" index="139" url="https://cite.case.law/us/515/291/#p300">id.

See Phillips , 820 S.W.2d at 788-90.

See ids="9987885" index="141" url="https://cite.case.law/sw2d/820/785/#p789">id. at 787-90.

See ante at 55, n.1.

See Simpson , 179 S.W.2d at 242-43.

See 950 Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship , 316 S.W.3d 191, 196 (Tex. App.-Houston [14th Dist.] 2010, no pet.).

See id. at 194, 196.

See id. at 196 (stating "[a]n allegation that a provision in a contract is void, unenforceable, or unconscionable is a matter in the nature of avoidance and must be affirmatively pleaded" and "[i]f a party fails to plead the affirmative defense, it is waived"); Edwards, 9 S.W.3d at 314.

See id. at 194, 196.

See Glassman , 347 S.W.3d at 781 (explaining that a panel of this court is not bound by a prior holding of another panel of this court if the prior holding conflicts with a decision from a higher court that is on point).

See Phillips , 820 S.W.2d at 789-90.

See Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.") (emphasis added); Via Net v. TIG Ins. Co. , 211 S.W.3d 310, 313 (Tex. 2006) (per curiam); Roark v. Stallworth Oil & Gas, Inc. , 813 S.W.2d 492, 495 (Tex. 1991) ; Danford Maint. Serv., Inc. v. Dow Chemical Co. , No. 14-12-00507-CV, 2013 WL 6388381, at *9 (Tex. App.-Houston [14th Dist.] Nov. 21, 2013, pet. denied) (mem. op.).

See Via Net , 211 S.W.3d at 313 ; Roark , 813 S.W.2d at 495 ; Danford Maint. Serv., Inc. , 2013 WL 6388381, at *9.

See ante at 56.

In its response to the motion for new trial, Wells Fargo asserted: "Godoy has not pleaded that the contractual waiver at issue was unenforceable or void as against public policy. See Godoy's Original Answer, on file with this Honorable Court. Nor did Godoy raise this issue in his summary-judgment response. Thus, Godoy has waived this defense." In fact, Godoy did raise the Public Policy Argument in his summary-judgment response.

See Roark , 813 S.W.2d at 495 (holding that party tried unpleaded summary-judgment argument by consent by failing to complain that the opposing party was asserting the argument in the absence of a required pleading).

See Roark , 813 S.W.2d at 495 (holding that party tried unpleaded summary-judgment argument by consent by failing to complain that the opposing party was asserting the argument in the absence of a required pleading before rendition of judgment); Boggs v. Bottomless Pit Cooking Team , 25 S.W.3d 818, 826 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (holding that party tried unpleaded summary-judgment argument by consent by failing to complain that the opposing party was asserting the argument in the absence of a required pleading before rendition of judgment).

See ante at 54; 950 Corbindale, L.P. , 316 S.W.3d at 196.

See 950 Corbindale, L.P. , 316 S.W.3d at 196.

See Edwards , 9 S.W.3d at 314.

See 950 Corbindale, L.P., at 196.

See id. at 194, 196. The majority also cites obiter dicta from a footnote in Harvey v. Kindred . See 525 S.W.3d 281, 285, n.11 (Tex. App.-Houston [14th Dist.] 2017, no pet.). These statements were not necessary to the court's holding because the court already determined that the appellant had raised the argument in her summary-judgment response. See id. In addition, the Harvey case did not involve trial by consent or the void-as-against-public-policy defense. See ids="12386089" index="165" url="https://cite.case.law/sw3d/525/281/">id. at 282-85.

Compare ante at 51-54, 55, n.1, with Duncan , 912 S.W.2d at 858-59 ; Am. Alloy Steel, Inc. , 777 S.W.2d at 177. Compare ante at 55, n.1, with Auz v. Cisneros , 477 S.W.3d at 360. Compare ante at 53-56, with Danford Maint. Serv., Inc. , 2013 WL 6388381, at *9. Compare ante at 53-54, with Wolf Hollow I, LP , 472 S.W.3d at 336-37 ; Wolf Hollow I, LP , 329 S.W.3d at 636. Compare ante at 56, with Boggs , 25 S.W.3d at 826.