

# NUMBER 13-17-00405-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MARIA LANDA, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE
OF ELIZABETH LANDA, DECEASED,                    Appellant,

v.

NOE LIRA, M.D. AND JUAN
CACERAS, M.D,                                    Appellees.

---

On appeal from the 319th District Court
of Nueces County, Texas.

---

# MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Chew[1]
Memorandum Opinion by Justice Chew

---

[1] Retired Eighth Court of Appeals Chief Justice David Wellington Chew, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

This case considers the stay of discovery provisions of § 74.351 of the Texas Civil Practice and Remedies Code involving healthcare liability claims. Appellant Maria Landa, individually and on behalf of the estate of her daughter Elizabeth Landa, appeals a no-evidence summary judgment in favor of appellees Juan Caceras, M.D., and Noe Lira, M.D. In a single issue, Mrs. Landa asserts the trial court erred in granting appellees' no-evidence summary judgment motions because: (1) she did not have adequate time for discovery pursuant to a discovery stay; and (2) she received inadequate notice of the summary judgment hearing. We affirm.

## I.    BACKGROUND

Elizabeth Landa was admitted to Christus Spohn Hospital to undergo a hysterectomy on June 4, 2012. Dr. Caceras, with the assistance of Dr. Lira, performed the surgery. Elizabeth suffered complications and died in the hospital on July 22, 2012.

On September 13, 2014, Mrs. Landa filed suit against appellees asserting they were negligent in performing the surgery and failed to timely diagnose Elizabeth post-surgery.

On January 21, 2015, Mrs. Landa timely filed a § 74.351 expert report and curriculum vitae of an obstetrician/gynecologist (expert report). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Drs. Caceras and Lira filed their objections to the expert report on February 11 and 12, 2015, respectively.

The trial court never ruled on the adequacy of Mrs. Landa's expert report, and the doctors never moved for a dismissal under § 74.351.

On March 31, 2015, Dr. Caceras served Mrs. Landa with his first request for production and interrogatories; Mrs. Landa timely responded to the discovery request but

did not respond to a request for designation of her expert witnesses.

At Mrs. Landa's request, a docket control conference was held on July 15, 2016, and on September 16, 2016, more than two years after the lawsuit was filed, an "Agreed Order Granting Special Setting and Docket Control Order" (DCO) was filed with the trial court. The DCO set November 17, 2016 as the deadline for Mrs. Landa to identify a testifying expert witness and provide relevant reports; the appellees' deadline to do the same was December 28, 2016. The trial court did not sign the DCO until November 21, 2016, but that fact is inapposite to our decision here. The DCO also set a discovery deadline for March 17, 2017 and a trial date for April 18, 2017.

The record before us provides additional litigation chronology.

- On November 2, 2016, the appellees deposed Mrs. Landa.

- On December 28, 2016, Dr. Caceres designated a testifying expert in compliance with the DCO. Dr. Lira did the same two days later.

- On December 28, 2016, Dr. Caceres deposed Mrs. Landa's sister.

- And, on January 23, 2017, Mrs. Landa deposed Dr. Caceres.

- Then, on March 13, 2017, prior to the March 17, 2017 DCO discovery deadline, Dr. Caceras filed a no-evidence summary judgment motion arguing Mrs. Landa had produced no evidence of the standard of care, breach of the standard of care, or causation because she had failed to designate an expert witness or produce reports of a designated expert witness. The next day, Dr. Lira filed his no-evidence summary judgment motion.

3

The appellees set their no-evidence summary judgment motions to be heard on April 3, 2017, twenty days after Dr. Caceras filed his motion and twenty-one days after Dr. Lira filed his.  Mrs. Landa objected to the no-evidence summary judgment motions and requested a continuance asserting that she had not had adequate time for discovery as discovery had been stayed pursuant to § 74.351(s) and that the appellees had provided inadequate notice of the no-evidence summary judgment hearing.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(s); *see* TEX. R. CIV. P. 166(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.").

The trial court heard the no-evidence motions for summary judgment on April 3, 2017, requested additional briefing on § 74.351(s), and then continued the case until April 17, 2017.

On April 17, 2017, the trial court granted the appellees' no-evidence summary judgment motions and dismissed Mrs. Landa's healthcare liability claim.  It rendered judgment stating that there was no discovery stay and the appellees' motions were meritorious.  Mrs. Landa filed a motion for reconsideration and a motion for new trial raising the same arguments as she did at the no-evidence summary judgment stage. Those motions were denied by operation of law.  This appeal followed.

## II.    DISCUSSION

### A.    No-Evidence Summary Judgment

We review a trial court's granting of a summary judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2015).  A no-evidence motion for summary judgment is essentially a motion for a pre-trial directed verdict.  TEX. R. CIV. P

4

166a(i); *Timpte Inds. Inc., v Gish,* 286 S.W.3d 306, 310 (Tex. 2009). The motion may be made only "[a]fter adequate time for discovery . . . ." TEX. R. CIV. P. 166a(i). Here, the appellees moved for summary judgment on the sole ground that Mrs. Landa did not designate expert witnesses by the trial court's deadline of November 17, 2017.

Mrs. Landa never designated an expert witness to counter the no-evidence summary judgment motions. Instead, she argues that all discovery was stayed pursuant to § 74.351(s); that the discovery stay superseded the DCO discovery deadline of November 17, 2017 since the trial court had never made a final determination of the adequacy of her expert report; and that there was therefore inadequate time for discovery. *See id*. She relies on the Fourteenth Court of Appeals decision in *Harvey v. Kindred Healthcare Inc.,* 525 S.W.3d 281(Tex. App.—Houston [14th Dist.] 2017, no pet.), where that court held that discovery was stayed until an adequate report was served and determined to be adequate and that the discovery stay superseded the conflicting docket control order. *Id.* at 286.

In a suit against a physician, a plaintiff is required to serve one or more expert reports within 120 days of a defendant physician's answer that fairly summarizes the expert's opinions regarding: (1) the applicable standard of care, (2) the manner in which defendant physician failed to meet that standard, (3) and the causal relationship between the defendant physician's breach and the plaintiff's injury. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (r)(6); *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013). "The expert report requirement is a threshold mechanism" for the trial court to conclude that the plaintiff's claims have merit. *Potts,* 392 S.W.3d at 631. In addition, § 74.351 "strictly limits discovery until expert reports have been provided." *Id.* at 632; *see* TEX. CIV.

PRAC. & REM. CODE ANN. § 74.351(s) ("Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through: (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure; (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and (3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.").

If a timely served expert report implicates a defendant physician's conduct, the defendant physician must file and serve "any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). A defendant physician can waive his right to seek dismissal for failure to file an expert report. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam).

We conclude that Mrs. Landa's exclusive reliance on *Harvey* is misplaced. In *Harvey*, the DCO was filed prior to the imposition of the discovery stay, *see* 525 S.W.3d at 286; whereas here, there was a mutually agreed DCO filed many months following the putative discovery stay. Therefore, it cannot be said that any § 74.351 discovery stay "superseded" the DCO. Also, undermining Landa's position, is the fact that she actively participated in discovery: she responded to Dr. Caceras's request for production and interrogatories in March 2015; the doctors deposed her in November 2016 without objection; and, in January 2017, she deposed Dr. Caceras. Mrs. Landa clearly forfeited any benefit that the discovery stay might otherwise inure to her due to the § 74.351(s) stay.

6

Moreover, the record establishes that the doctors waived their § 74.351 objections and, consequently, the benefit of the §74.351(s) discovery stay. First, in the case of Dr. Lira, his expert report objection was filed twenty-two days after Mrs. Landa's expert report was served. Accordingly, his objection was waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §74.351(a) ("[E]ach defendant physician . . . whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than . . . the 21st day after the date the report is served, failing which all objections are waived.").

In the case of Dr. Caceras, his participation in discovery reflects his forfeiture of the cost-reducing benefits of the statute and, combined with his participation in the agreed discovery control order noted above, is a clear demonstration of his implicit waiver of his objection of Mrs. Landa's expert report and its attendant discovery stay.

Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan*, 111 S.W.3d at 156. It is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Id*. Additionally, while waiver cannot be "based solely on the length of delay"; it can be a measure that is instructive of an intention to relinquish. *In re Universal Underwriters*, 345 S.W.3d 404, 408 (Tex. 2011) (considering waiver for failure to invoke appraisal clause).

On March 31, 2015, Dr. Caceras served a request for production and interrogatories on Mrs. Landa; he deposed Mrs. Landa's daughter on December 28, 2016; and he was himself deposed, without objection, by Mrs. Landa on January 23, 2017. We find that he clearly waived his objection to the expert report and forfeited his benefit to the discovery stay. *See Apodaca v. Miller*, 281 S.W.3d 123, 127 (Tex. App—El Paso 2008,

7

no pet.)

Mrs. Landa concedes that she did not provide expert testimony required in a healthcare liability claim, and we conclude there was no stay of discovery to excuse her obligation to submit that evidence. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 10 (Tex. App.—Austin 2005, no pet.) ("To preclude summary judgment in a [healthcare liability] case, the plaintiff must offer expert testimony on the essential elements of its claim, including the standard of care, breach, and causation.").

Landa has not established that there was inadequate time for discovery. The trial court properly granted the no-evidence summary judgment motions.

**B.      Notice of Hearing**

Lastly, Mrs. Landa asserts that she "received inadequate notice of the hearing" and "inadequate notice of the motion[s]."

Dr. Caceras served Mrs. Landa with notice twenty days before the scheduled hearing. *See* TEX. R. CIV. P. 166a(c) (providing that a motion for summary judgment must be filed and served at least twenty-one days before the time specified for hearing). Mrs. Landa filed a response to his no-evidence summary judgment motion, and she requested a continuance of the April 3, 2017 hearing, asserting that notice was not timely. A motion for continuance should advise the court that rule 166a(c) requires twenty-one days' notice of the hearing. *See Rios v. Tex. Bank*, 948 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1997, no writ). Inadequate notice requires a grant of continuance to allow the non-movant the required twenty-one days. *See May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.) ("If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file

a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court during the summary judgment hearing."); *Rios*, 948 S.W.2d at 32.

While no order granting Mrs. Landa's motion for continuance appears in the record, the record reflects that the trial court continued the summary judgment hearing from April 3, 2017 to April 17, 2017. Therefore, the trial court provided Mrs. Landa with fourteen additional days' notice of hearing, for a total of thirty-four days' notice. This allowed Mrs. Landa additional time to respond to the appellees' motions, in which she supplemented her response with additional briefing. Thus, the trial court implicitly granted Mrs. Landa's motion for continuance. *See* TEX. R. APP. P. 33.1(a)(2)(A). Under these circumstances, we cannot conclude that the trial court abused its discretion in subsequently hearing and ruling on the appellees' motions on April 17, 2017. We overrule Mrs. Landa's issue.

## III.   CONCLUSION

We affirm the judgment of the trial court.

DAVID WELLINGTON CHEW,
Justice

Delivered and filed the
30th day of May, 2019.

9